St. Louis Southwestern Railway Company of Texas v. Lidie Keith, Adm'x.

Decided December 23, 1909.

**1.—Master and Servant—Railway—Brakes—Inspection and Use.**

When, with the knowledge and acquiescence of the railway, switchmen in their work were accustomed to cling by the ladder to the side of moving cars, supported by placing a foot upon the end of the brake beam, the company owed to such employes the duty to use ordinary care to inspect and keep in order the machinery of its brakes with reference to their safety for such use.

**2.—Same—Negligence—Case Stated.**

In case of a switchman who, while clinging to the side of a moving car, supported by placing his foot on the end of the brake beam, this being customary and known to be in the performance of such work, was thrown under the wheels of the car by the brake beam, owing to bad adjustment or defect in the brake, slipping sideways so as to throw the brake shoe inside the flange of the wheel, the evidence is considered and held to show negligence on the part of the railway company, in the inspection and repair of its braking machinery, supporting a recovery for such injury.

**3.—Death—Survival of Action—Pleading.**

An administrator prosecuting an action for personal injuries to decedent which, commenced in his lifetime, survived by statute, could adopt the allegations of negligence and grounds for recovery contained in the original petition of decedent without repleading the same facts.

**4.—Survival of Action for Personal Injury—Cause of Death—Charge.**

In case of an action for personal injuries prosecuted by plaintiff's administratrix after his death before judgment, the charge is considered and held sufficient, in its direction that there could be no recovery if his death resulted from the injury complained of, to justify the refusal of requested charges by defendant on this point.

**5.—Negligence—Evidence—Defective Brakes.**

Evidence considered and held sufficient to warrant an inference of defects in the brakes on a car and appliances connected therewith discoverable on due inspection, and supporting the charge submitting the issue of negligence with respect to such machinery.

**6.—Charge—Proximate Cause.**

A charge submitting the act of deceased in attempting unnecessarily to uncouple cars while in motion as precluding a recovery, held properly refused because ignoring the question whether such attempt, or the defective brake machinery on the car, was the proximate cause of his injury.

**7.—Damages.**

A recovery of $5,000 for loss of a foot by a switchman sustained as not excessive.

Appeal from the District Court of Smith County. Tried below before Hon. R. W. Simpson.

*E. B. Perkins, Daniel Upthegrove* and *Marsh & McIlwaine,* for appellant.—The evidence was insufficient to show negligence. Railway v. Thompson, 11 Texas Civ. App., 658; St. Louis S. W. Ry. v. Fenlaw, 36 S. W., 295; Looney v. Railway, 200 U. S., 480; Patton v. Railway, 179 U. S., 658; Asbach v. Railway, 37 N. W., 182; Accident Ins. Co. v. Gerish, — Am. St. Rep., 486; Case v. Railway Co., 21 N. W., 30.

Pleading of administratrix showed no cause of action. Dean v. Lyons, 47 Texas, 18; Maddox v. Summerlin, 92 Texas, 483; Harris v. Petty, 66 Texas, 514; Wilson v. Johnson, 94 Texas, 276.

Plaintiff could not recover if the death resulted from the injury. Missouri, K. & T. Ry. Co. v. Smith, 101 S. W., 453; St. Louis S. W. Ry. Co. v. Hall, 92 S. W., 1079; Railway Co. v. McGlamory, 89 Texas, 635; Railway v. Rogers, 91 Texas, 58.

No evidence that the brake was worn or the brake-beam loose. Railway v. Sage, 90 Texas, 439; Railway v. French, 89 Texas, 96.

Right to have defenses affirmatively submitted. Railway v. Hall, 98 Texas, 488; Railway v. Parrot, 91 S. W., 601; Railway v. McClerran, 91 S. W., 653; St. Louis S. W. Ry. v. Hall, 92 S. W., 1079; Dallas Consol. Elec. St. Ry. v. Lasch, 99 S. W., 729; Railway v. Casseday, 92 Texas, 525; Galveston, H. & S. A. Ry. v. Worth, 107 S. W., 958; El Paso & S. W. Ry. v. Foth, 101 Texas, 133; Lyon v. Bedgood, 117 S. W., 897.

*Johnson & Edwards,* for appellee.—The evidence of actionable negligence was sufficient. Railway Co. v. Johnson, 83 Texas, 630; Railway Co. v. White, 76 Texas, 103; Railway Co. v. Templeton, 87 Texas, 42; Railway Co. v. Kernan, 78 Texas, 294; Texas & N. O. Ry. Co. v. Conway, 44 Texas Civ. App., 68; Railway Co. v. Milam, 58 S. W., 735, 737; Southern Pac. Ry. Co. v. Winton, 27 Texas Civ. App., 503; Railway Co. v. Parish, 93 S. W., 682, 683; Missouri, K. & T. Ry. Co. v. Harris, 45 Texas Civ. App., 542; Missouri, K. & T. Ry. Co. v. Lynch, 40 Texas Civ. App., 543; Missouri, K. & T. Ry. Co. v. Chambers, 17 Texas Civ. App., 487; Galveston, H. & S. A. Ry. Co. v. Davis, 27 Texas Civ. App., 279; San Antonio & A. P. Ry. Co. v. Lindsey, 27 Texas Civ. App., 316; Choate v. Railway Co., 90 Texas, 82, 88; Drake v. Railway Co., 99 Texas, 240, 244-247; Railway Co. v. Levyson, 113 S. W., 569, 572; El Paso Foundry Co. v. DeGuerque, 46 Texas Civ. App., 86; Johnson v. Texas Cent. Ry. Co., 42 Texas Civ. App., 605; Anson v. Gulf, C. & S. F. Ry. Co., 94 S. W., 94; McCray v. Railway Co., 89 Texas, 168; Railway Co. v. Wood, 63 S. W., 164.

The requested charge was covered by the instructions given. Roth v. Travelers' Prot. Ass'n, 102 Texas, 241; Railway Co. v. Cluck, 99 Texas, 130, 132; Railway Co. v. Parrott, 100 Texas, 9, 11-12; Railway Co. v. Lasater, 115 S. W., 104-105; Ft. Worth & D. C. Ry. Co. v. Kelley, 33 Texas Civ. App., 442; St. Louis S. W. Ry. Co. v. Burke, 36 Civ., 222; Galveston Oil Co. v. Malin, 60 Texas, 649, 650; Railway Co. v. Kelly, 98 Texas, 135, 137.

Repeatedly submitting an issue is error, because giving it undue prominence. Redmond v. Cotton Mills, 104 S. W. Rep., 187, 188; Railway Co. v. Rutland, 101 S. W. Rep., 532, 533; Houston L. & P. Co. v. Hooper, 46 Texas Civ. App., 257; San Antonio Foundry Co. v. Drish, 38 Texas Civ. App., 214; Adams v. Weakley, 80 S. W. Rep., 411.

A charge which singles out and gives prominence to part of the evidence on an issue should be refused. Railway Co. v. Carter, 95 Texas, 472-3, 485, 486; Mitchell v. Mitchell, 80 Texas, 112-3; Lumsden v. Chicago, R. I. & T. Ry. Co., 28 Texas Civ. App., 225; Kershner v. Lattimer, 64 S. W. Rep., 237, 238; White v. Railway Co., 46 S. W., 382, 385; Lee v. Yandell, 69 Texas, 34, 37; Railway Co. v. McGlamory, 89 Texas, 639; Dublin Oil Co. v. Jarrard, 91 Texas, 292-3. The requested charge was vague and confusing. Railway Co. v. Shieder, 88 Texas, 153, 167; Gulf, C. & S. F. Ry. Co. v. Mangham, 29 Texas Civ. App., 486; Railway Co. v. Cullers, 81 Texas, 394; Magee v. Oklahoma, C. & T. Ry. Co., 95 S. W., 1092.

LEVY, ASSOCIATE JUSTICE.—S. R. Keith, while in the performance of his duties as a brakeman, received a personal injury through the alleged negligence of appellant, and brought the suit for damages. He died while the suit was pending, leaving neither wife, child nor parents. His sister, Miss Lidie Keith, having been appointed temporary administratrix of his estate with express authority to do so, seasonably suggested his death and made herself a party plaintiff, claiming that Keith's death did not result from his injury.

By the petition it is claimed that it was the general and universal

practice, known to appellant, of brakemen in its service to make use of the ends of brake-beams in catching upon and riding short distances on cars that were being switched, and they properly so used them in performing such work; that it became necessary for Keith, at the time of his injury, to catch on to a certain car then being set out of his train to a siding, and be upon it while it was being backed to the side-track in order to operate the coupling lever and to uncouple the car and set the brake, and in the performance of such duties, while in the exercise of proper care, first catching and holding with his hands the handhold or ladder on the side of the car, he placed his foot, as was proper and usual, on the end of the brake-beam of the car, and as he placed his foot and weight on the brake-beam it suddenly gave way and moved, causing his foot to slip under the moving wheels of the car which was next, crushing it. It was alleged that the brake-beam and its appliances, though not known at the time to Keith, were worn, dilapidated, loose and insecure, and defectively and insecurely arranged, adjusted and guarded, and had an excessive motion, or slack.

The appellant answered by general denial, plea of contributory negligence and assumed risk. In accordance with the verdict of a jury, judgment was entered for appellee.

The evidence substantially shows that on the morning of the day that the injury occurred appellant's freight train, of which Keith was head brakeman, comprising eight or nine cars, one of which was an I. & G. N. car, which had been made up at Lufkin, a terminal point, left Lufkin en route to Tyler. When the train reached Wells, a station about sixteen miles north of Lufkin, the conductor directed that the I. & G. N. car be shifted from its then position in the train near the caboose next to the locomotive, so that it might be set out and left at Alto, a station further on, without delay, and in executing this order Keith was injured. Keith cut or uncoupled the train at the rear end of the I. & G. N. car, and the front portion was moved forward north to a point beyond a switch which led to a siding, it being the intention to put the I. & G. N. car on the siding, and when the other cars had again been put on the main track to pick up the I. & G. N. car with the locomotive, push it down on the main track and couple it to the other cars. After the string of cars had passed north of the switch Keith disconnected the air-hose at the front end of the I. & G. N. car and set the switch for the siding, when, upon his signal, the engineer pushed the train upon the sidetrack south, the I. & G. N. car leading; Keith ran beside that car, as he said, leaped and caught with his hand the handhold at or near the rear end of it as it was then moving, and at the same time put his foot and weight on the end of the brake-beam, as he said, his purpose being to uncouple the car by operating the coupling lever, mount it, and stop it by means of the brake when it had gone far enough to clear the main track. When his weight was placed against the end of the brake-beam it, as he said, at once gave way laterally and slipped by the car wheel, causing his foot to drop across the rail of the track, when the wheel of the next car ran over and crushed it, causing amputation to be necessary. No other witness but Keith saw the way that he was injured. The other witnesses testified to facts that make a conflict in the evidence as to

whether Keith at the time of his injury was riding between the cars or on the side of the car. On this conflict we are bound by the jury's finding, and assume the truth thereof as testified to by Keith. It was proved that brakemen invariably and necessarily rode the ends of the brake-beams in similar circumstances, and that Keith's conduct and manner of operating the cars on that occasion were customary among trainmen, and that Keith had no occasion to operate the car or ascertain the condition of its brake-beam before the time of his injury. The amount of the verdict is sustained by the proof.

*After stating the case.*—By the first and second assignments it is contended that there is no sufficient evidence to support the finding of the jury that the braking appliances of the car in question were defective, or that if defective the appellant, by ordinary care, could have ascertained the condition before injury, or that the injuries received by Keith were the result of any negligence on the part of the appellant.

It being established, and not questioned, that brakemen in the service of appellant, when switching, commonly and necessarily rode the cars by catching the handles and standing on the ends of the brake-beams, and this with the knowledge and acquiescence of appellant, and that this particular car in question was to be switched to the siding at Alto, then, it is not doubted, the legal duty existed on the part of the appellant to use ordinary care to ascertain whether the brake-beam of the car in question was in reasonably safe condition to be used by Keith, and failing in this duty would be negligence. Missouri, K. & T. Ry. Co. v. Harris, 45 Texas Civ. App., 542, 101 S. W., 506; Texas & N. O. Ry. Co. v. Conway, 44 Texas Civ. App., 68, 98 S. W., 1073; Galveston, H. & S. A. Ry. Co. v. Templeton, 87 Texas, 42, 26 S. W., 1066.

Bearing in mind the rule that the burden was upon appellee to prove the facts entitling her to recover, is there substantive proof by appellee of negligence of appellant in its duty owing Keith? If so, and we think so, the appellee was entitled to have the jury pass on the question of negligence *vel non* of appellant, and having been determined by the jury, upon a consideration of all the facts, adverse to appellant, their finding, as is their function, is conclusive in the case. The salient features of the testimony, and the effect and tendency of which, will be considered. It is affirmatively shown that the particular car in question was a box-car equipped with a brake-beam and rigging as other cars, which was operated in the same mode as all other brakes. It must be taken as a fact proved, Keith affirmatively so testifying, that this brake-beam, when he placed his weight on the end, at once gave way and slipped by the flange of the car wheel. There is evidence that the weight of a person, as in this case, would not cause the brake to slip by or pass the flange of the car wheel, unless because of either the want of a guard-pin, or a defective or worn one, or because of improper slack, or loose motion from the brake-rigging; and that either condition existing would cause the injury. Was either condition as to this car shown? The make-up and construction of brakes and their rigging was shown. It does appear that the brake in question was of the usual pattern of brakes. It was shown that the brake-shoe in a

properly constructed and connected up brake-beam fits against the face of the car wheel, normally having the distance, or play, from the face of the wheel of from one-fourth to one-half an inch. The flange of the car wheel extends about one and one-half inches deep. To keep the brake-beam in position, and to arrest lateral movement, and to prevent its slipping past the flange of the car wheel, guard-pins are used. To prevent the beam, having a guard-pin, from passing to the flange of the wheel, it is required further that the brake-rigging, or rods, be level and properly and sufficiently adjusted or connected up. The rods operate the brake-beam. The guard-pins are iron bolts put on through the brake-beams and secured by a nut on the bottom side to hold them. No witness says or denies that the particular brake-beam was constructed with a guard-pin. A witness for appellee testified, and it is not denied, that "all outside brakes have guard-pins." It was affirmatively shown that this particular brake "was an outside brake." It was shown by appellant, by witness, "I have seen some brakes without guard-pins." The two statements are not inconsistent, but consistent and a question for the jury. If "all outside brakes" have guard-pins, it appearing that the instant beam was of the usual pattern of brakes, then the "some brakes" without guard-pins could be inferred to apply only to inside brake-beams. If the statement be true that all outside brakes have guard-pins, and the instant brake being of usual pattern and an outside brake, the jury were warranted in findng from such testimony that the brake in question was constructed with a guard-pin. There is testimony tending to show, and sufficiently support the finding of the jury, that the braking appliances of this particular car were defective at the time of the injury. There was evidence, as to guard-pins, that "When they are put on there is no way for them to come out, unless they break or wear out. They can be broken by a wreck, or by the brake-beam coming down, and there may be other reasons for it. I do not think they ever work loose and come out." It is evident from the record that there was no wreck, and that the brake-beam did not come down, and these facts, coupled with the affirmative proof of careful operation of the train and braking appliances, authorized the jury to find that the guard-pin, which is made to appear as a necessary part of the proper construction of the brake, must have been defective. This also was affirmative evidence sufficient at least to negative any recent or sudden happening of its defective condition, and to lead reasonably to the conclusion that it was defective and open to observation at the time of and before the leaving of the train from Lufkin, a terminal point, one hour before, and at which point it was shown appellant had a regular car inspector charged with the duty of inspecting all cars. Besides, it is shown that the train was made up at Lufkin. As to the condition of the brake-rigging of the car at the time of the injury there is affirmative evidence, the weight and consideration to be given to which is at least for the jury. The conductor and engineer each observed the brake-beam in a very short time after the injury. The engineer testified: "I noticed if the brake-shoe was connected up and if the air was working. I saw that it was connected up. There seemed to be a little slack in the brake-shoe. I could not say that there was more than usual, but there was enough

that I noticed it." The conductor testified: "I did not notice whether the brake-beam had guard-pins. The brake-beam was hanging loose on the ball of the wheel. It was probably an inch and a half from it; I can not say how much." Considering that it was affirmatively shown that the normal play of a brake-shoe in a brake-beam properly connected up would be from one-fourth to one-half inch, and the flange of the car wheel was one and one-half inches deep, and that the brake-beam did in this case slip by the car wheel, then, if it be true that the particular brake-shoe was hanging from its normal position "enough that I noticed it," and "probably an inch and a half," there was evidence pointing directly to the chief cause of the injury as being the fact of improper slack in the brake-rigging. It was affirmatively shown that to hang that distance from the car wheel was because of defective rigging. As circumstances negativing a recent occurrence of the defective condition, it was affirmatively shown that there was a careful operation of the train and car for the distance of sixteen miles that it had come, and in being switched to the siding. By these facts, the brake appliances if out of order being easily seen by inspection, then in the absence of proof of an inspection by appellant the jury on these facts were warranted to infer negligence. Such facts strongly negatived a sudden happening. If it could be said that from the circumstances offered the jury, acting as reasonable men, would be persuaded to render a verdict on the issues involved for appellee, then appellee would be entitled to have such evidence go to the jury for their decision. It is laid down as an elementary rule by Greenleaf that a party having the burden of proving an issue has made out a *prima facie* case, to get to the jury, when he either by means of a presumption or by a general mass of strong evidence has entitled himself to a ruling that his opponent should fail if he does nothing more in the way of producing evidence.

The evidence, we think, fully authorized the finding of the jury that the brake-beam and its appliances were in a defective and dangerous condition at the time of the injury, and that such condition was discoverable by appellant by reasonable inspection, which does not appear to have been made, and that appellant's negligence proximately caused the injury. San Antonio & A. P. Ry. Co. v. Lindsay, 27 Texas Civ. App., 316, 65 S. W., 668; Gulf, C. & S. F. Ry. Co. v. Wood, 63 S. W., 164; Missouri, K. & T. Ry. Co. v. Lynch, 40 Texas Civ. App., 543, 90 S. W., 513; Gulf, C. & S. F. Ry. Co. v. Johnson, 83 Texas, 628, 19 S. W., 151; Missouri, K. & T. Ry. Co. v. Chambers, 17 Texas Civ. App., 487, 43 S. W., 1091; Southern Pac. Ry. Co. v. Winton, 27 Texas Civ. App., 503, 66 S. W., 477; El Paso Found. & Mach. Co. v. De Guereque, 46 Texas Civ. App., 86, 101 S. W., 814.

Appellee in her written appearance suggesting the death of Keith, and her authority to prosecute the pending suit, specially alleges that she "does hereby adopt and reaffirm and make her own in all respects the allegations contained in plaintiff's first amended original petition which was filed in this court in this case on September 8, 1908, by the said S. R. Keith, as plaintiff in this cause, in his lifetime." Appellee's appearance being as a legal representative to continue the suit, and a form of law for the substitution of a plaintiff, her declaration in writ-

ing, as she made, expressly adopting, reaffirming and making her own in all respects the allegations in the petition then already filed, would, we think, retain and constitute in legal force and effect the pleading referred to a part of her pleading in the case. We would not be warranted, therefore, we think, in ruling that there was no pleading in the case on the part of appellee authorizing the court to enter judgment in favor of appellee against appellant. The third assignment is overruled.

The appellant, by special charge complained of in the fourth assignment, asked an instruction that if "Keith died from rhombus or clot on the brain," a verdict should be returned in its favor. Waiving as unimportant the question of the inaccurate technical designation of the disease as "rhombus," we think the court's main charge sufficiently and affirmatively presented to the jury the issue as to the cause of Keith's death. The jury were affirmatively directed that appellee could not recover if the efficient predominant cause of the death of Keith was the injury in suit received by him, or if Keith after his injury "became affected with some disease, and that such disease was directly and proximately caused by the injuries received on February 8, 1907, or arose as the direct and proximate result of such injuries, and that the death of said Keith would not have resulted had it not been for such injuries." Roth v. Travelers' Protective Ass'n, 102 Texas, 241, 115 S. W., 31.

By the fifth assignment it is contended that, there being no evidence that the brake-beam was "worn," or "that it would swing back and forth across the car," it was error for the court to submit such a condition of the brake-beam as an issue. The charge of the court was: "If you find that the brake-beam of the car was worn, defective and out of repair to the extent that it would swing back and forth across the car when used by a brakeman to put his foot upon in riding and mounting the car," etc. There is evidence, we think, tending to show such condition of the brake-beam; and as the phrases used by the court are appropriate to the evidence, the assignment, we think, should be overruled, as the charge was not misleading to the jury. It was the duty of the court to evolve the issues in the case; and in so doing the court is authorized, in defining the proper issues, to pay regard to inferences appropriate to the evidence which the jury may be authorized to draw from such inferences. To that effect, Maes v. Texas & N. O. Ry. Co., 23 S. W., at p. 727; Galveston, H. & S. A. Ry. Co. v. Parvin, 27 Texas Civ. App., 60, 64 S. W., 1008.

The court in his charge sufficiently and substantially, we think, gave the requested instruction, and the sixth and seventh assignments are overruled.

If, as the evidence shows, Keith's injury was not caused merely by his attempting to uncouple the cars while in motion, but was caused by his attempting to stand on the brake-beam, as was customary, while the cars were moving, and if he would not have been injured, as is shown, but for the intervention of appellant's negligence in furnishing him, to use in a way that was customary, a defective brake-beam, then to have given the requested instruction complained of in the eighth assignment, requiring a verdict for appellant on the grounds therein

stated, without requiring a finding that the acts of Keith therein described proximately contributed to the injury, would, we think, have been error. St. Louis S. W. Ry. Co. v. Cleland, 50 Texas Civ. App., 499, 110 S. W., 122.

We would not be authorized, we think, in the case to rule that the jury were not warranted in finding for appellee the amount of the verdict, and the ninth assignment, complaining of its being excessive, is overruled. The case was ordered affirmed.

*Affirmed.*

Writ of error refused.