## T. J. FREEMAN, RECEIVER, v. J. N. GERRETTS.

### No. 2510. Decided June 30, 1917.

**1.—Negligence—Master and Servant.**

The master is under no obligation of care to keep the appliances of his business safe for use by the employe in a manner and for a purpose for which they were not designed, one for which they were forbidden by its rules to use them, and for which no care on his part could make them safe or appropriate; and this is true though they were frequently used by his servants for such purpose. (Pp. 81-84.)

**2.—Same—Switchman Mounting Brake-Beam.**

A switchman standing on the track, mounted an approaching car by grasping a hand-hold and placing a foot on the brake-beam, for the purpose of adjusting the apparatus to make coupling on contact with another car, while so riding in a position from which he could make signals to the engineer. He was injured by losing his footing and falling under the wheels, and alleged, as negligence of the master, that this was due to the brake-beam being permitted to . be loose, so as to have too much play. The act of the switchman was forbidden by the rules of the employer; but was shown to be frequently practiced by employes. Held that the master was under no duty to exercise care to keep such appliance safe for a purpose for which its servants were forbidden to use it and one for which it was not adapted nor capable of being made safe. (Pp. 81-84.)

**3.—Same.**

The rule that an employer is not liable for an injury to an employe which results from the latter putting an appliance to a wholly improper use, is qualified where it appears that it was customary for the appliance to be put to the improper use and the employer knew of such custom. But this qualification can have no· application to an appliance which is not only wholly unsuited to such use, but one which, from its nature, can not possibly be made safe for such use. (P. 83.)

**4.—Case Distinguished.**

St. Louis S. W. Ry. Co. of Texas v. Keith, 58 Texas Civ. App., 323, distinguished. (P. 84.)

**5.—Contributory Negligence.**

Negligence could not be predicated upon a failure of the master to keep an appliance in a condition proper for use by the servant in a manner amounting to negligence per se by the latter. Ft. Worth & D. C. Ry. Co. v. Anderson, 118 S. W., 1113, discussed.   (P. 84.)

Error to the Court of Civil Appeals for the Third District,. in an appeal from Falls County.

Gerretts sued Freeman, receiver of the International & Great Northern Railroad Company, for damages for personal injuries, and recovered judgment. On appeal by the defendant the judgment was affirmed (153 S. W., 1163) and he thereupon obtained writ of error.

*Baker, Neff & Taylor, Baker & Baker,* and *Wilson, Dabney & King,* for plaintiff in error.—It is negligence, as a matter of law, for a man standing in the track to try to mount the brake-beam under the end of a car bearing down on him; and error to hold the contrary, and in conflict with previous decisions. Ft. W. & D. C. Ry. Co. v. Anderson,. 118 S. W., 1113;.Montgomery v. Railway Co., 83 S. W., 66; Texas Central Railway Co. v. Waller, 66 S. W., 466.

A rule prohibiting men from riding on the brake-beam is made for their safety, and is not waived by evidence of its breach by the beneficiaries of the rule.   There was no such adequate evidence in this case. T. & N. O. Ry. Co. v. Conway, 44 Texas Civ. App., 68, 98 S. W., 1070;. International & G. N. R. R. Co. v. Rieden, 107 S. W., 667; Montgomery v. Railway Co., 83 S. W., 67; Ft. W. & D. C. Ry. Co. v. Anderson, 118 S. W., 1115.

Brake-beams are not intended nor designed for riding places, and are very dangerous to ride on, and as a matter of law, no duty rested upon the defendant to maintain this brake-beam as a safe riding place. Railway Co. v. Anderson, 118 S. W., 1113; Montgomery v. Railway Co., 83 S. W., 66; Texas Cen. Ry. Co. v. Waller, 66 S. W., 466, 28 Texas Civ. App., 4; International & G. N. R. R. Co. v. Rieden, 107 S. W., 665.

When a safe instrumentality (in this case side ladders) is provided, and another instrumentality (in this case a brake-beam) is used unnecessarily, and not by the command of the master, and when such instrumentality, so perverted in its use, is known to every man of common sense to be dangerous when so used, no matter what its condition,. and whether in or out of order, then the master is not negligent in. failing to keep the instrumentality in perfect order with a view to such perverted, unnecessary and uncommanded use, even though some men may so use it, and the denial of this rule by the Court of Civil Appeals. is squarely against the decisions of this and all courts, and a fundamental error of wide application. 1 Labatt, Master and Servant, sec. 342; International & G. N. R. Co. v. Rieden, 107 S. W., 667; Montgomery v. Railway Co., 83 S. W., 67; Ft. W. & D. C. R. Co. v. Anderson, 118 S. W., 1115; Texas & N. O. Ry. Co. v. Conway, 98 S. W., 1070; Warden v. L. & N. R. Co., 14 L. R. A., 555.

*Tom Connally, A. G. Greenwood,* and *Thomas B. Greenwood,* for defendant in error.—There being abundant evidence to support the finding of the jury that appellee's right foot was run over and crushed by the movement of a brake-beam, on which appellee was endeavoring to place one of his feet, in the customary performance of his duty to appellant, and that the movement of the brake-beam was caused by the unsafe and dangerous condition of the beam, arising from negligence on the part of appellant, the court did not err in refusing appellant's peremptory charge, as well as his motion for new trial. St. Louis S. W. Ry. Co. of Texas v. Keith, 124 S. W., 695-698; Galveston, H. & S. A. Ry. Co. v. Templeton, 87 Texas, 48; Galveston, H. & S. A. Ry. Co. v. Buch, 65 S. W., 684; San Antonio & A. P. Ry. Co. v. Lindsey, 65 S. W., 668; So. Pac. Ry. Co. v. Sage, 98 Texas, 441, 442; Missouri, K. & T. Ry. Co. v. Chambers, 43 S. W., 1090; Missouri, K. & T. Ry. Co. v. Lynch, 90 S. W., 512; So. Pac. R. Co. v. Winton, 68 S W., 481, 482; Williams v. Hennefield, 120 S. W., 568; Citizens Ry. Co. v. Sinclair, 93 S. W., 703; Texas & P. Ry. Co. v. Hall, 43 S. W., 26; St. Paul Fire & Marine Ins. Co. v. Cronin, 131 S. W., 652; Threadgill v. Wells, 143 S. W., 343; Galveston, H. & S. A. Ry. Co. v. Krenek, 138 S. W., 1155; Gulf, C. & S. F. Ry. Co. v. Ford, 143 S. W., 943; S. W. Tel. & Tel. Co. v. Sanders, 138 S. W., 1181; Gulf, C. & S. F. Ry. Co. v. Coulter, 139 S. W., 19; Hannay v. Harmon, 137 S. W., 408; Houston & T. C. Ry. Co. v. Maxwell, 128 S. W., 163; Davidson v. Ryle, 125 S. W., 881; Texas & P. Ry. Co. v. Hall, 125 S. W., 71, 73; International & G. N. Ry. Co. v. Poloma, 123 S. W., 1149; Gulf, C. & S. F. Ry. Co. v. Holland, 66 S. W., 69; Texas & N. O. Ry. Co. v. Lee, 74 S. W., 349, 350; Houston & T. C. Ry. Co. v. Rowell, 45 S. W., 767.

There being abundant evidence that brakemen customarily used the brake-beam in the same manner as appellee, in the performance of their duties, it was an issue of fact for the jury as to whether an ordinarily prudent man would have used the beam as appellee did; and hence the court did not err in submitting the defense of contributory negligence to the jury, and their finding is conclusive on this appeal. Missouri, K. & T. Ry. Co. v. Rogers, 128 S. W., 714, 715; Gulf, C. & S. F. Ry. Co. v. Kennedy, 139 S. W., 1012, 1013; St. Louis & S. F. Ry. Co. v. Mathis, 107 S. W., 534, 535; Ft. Worth & R. G. Ry. Co. v. Day, 118 S. W., 740-744; K. C. Consol. Smelting & Refining Co. v. Taylor, 107 S. W., 892, 894; El Paso & S. W. Ry. Co. v. Foth, 101 Texas, 143, 135, 136, 137; Texas & N. O. Ry. Co. v. Kelley, 98 Texas, 136; Gulf, C. & S. F. Ry. Co. v. Gasscamp, 69 Texas, 545; San Antonio & A. P. Ry. Co. v. Englehorn, 62 S. W., 561, 562; St. Louis & S. F. Ry. Co. v. Arms, 136 S. W., 1169; San Antonio & A. P. Ry. Co. v. Waller, 65 S. W., 212; Galloway v. S. A. & G. Ry. Co., 78 S. W., 33; Galveston, H. & S. A. Ry. Co. v. Still, 100 S. W., 182; El Paso & S. W. Ry. Co. v. Alexander, 117 S. W., 932; Williams v. Hennefield, 120 S. W., 568; Galveston, H. & S. A. Ry. Co. v. Salisbury, 143 S. W., 256, 257.

The jury were fully authorized in finding, under appropriate instructions, against appellant's plea of contributory negligence; and at the date of appellee's injury, contributory negligence constituted no bar, under the law, to appellee's right to recover, but merely required a diminution in the amount of appellee's recovery. Sec. 2, Act of 1909, Sayles' Texas Civil Statutes, 1908 to 1910, p. 400; Favors v. Gulf, C. & S. F. Ry. Co., 142 S. W., 637; Missouri, K. & T. Ry. Co. v. Turner, 138 S. W.. 1127; Pecos & N. T. Ry. Co. v. Thompson, 140 S. W., 1157; St. Louis & S. F. Ry. Co. v. Jenkins, 137 S. W., 714; St. Louis & S. F. Ry. Co. v. Mathis, 101 Texas, 342, 351, 352; St. Louis S. W. Ry. Co. v. Keith, 124 S. W., 695-698.

MR. CHIEF JUSTICE PHILLIPS delivered the opinion of the court.

J. N. Gerretts, the plaintiff in the trial court, was in the employ of the defendant receiver in his operation of a railroad and was injured while in the performance of his duties. The injury was occasioned by his attempting to mount a brake-beam of an approaching box car which was being backed toward him to be coupled to a stationary car upon the track. The plaintiff was standing in the track as the car slowly approached him; when it reached him he caught hold of the grab iron at the end of the car with his hand and placed his left foot upon the brake-beam, which, as he testified, shifted or "sheered" to one side, throwing his right foot into such a position as to be caught by the wheel and injured. His purpose in attempting to get upon the brake-beam was to ride the car so as to open the knuckle of the coupler upon it whereby the coupling with the stationary car might be made. The brake-beam was constructed of angle iron, both ends turned up and hollow in the middle. It extended across the car from wheel to wheel, being about four and a half feet long and four to five inches wide. At each end was a shoe designed to fit against each wheel when the brake was applied, for the purpose of stopping the car. There was evidence that when properly adjusted the play of the beam to the side was about three-quarters of an inch. The negligence charged was a defective condition in the beam which permitted a much greater play to the side, preventing, it was claimed, the plaintiff's safely mounting it.

The beam was not placed upon the car as a place to ride. It was obviously and inherently dangerous when attempted to be used as a place whereon to mount from within the track an approaching car. There was proof of an express rule by the defendant against its use for such purpose. There was also proof of its frequent use by brakemen for that purpose. The plaintiff contends that this use was so habitual as to necessarily amount to notice of it by the defendant, and because of this it is urged that the defendant was under the duty of exercising care to see that the beam was maintained in a proper condition so that brakemen could safely use it for that purpose. The case

was submitted under a charge embodying that theory, and upon such theory it is that the case rests.

There was a ladder at the end of the car on its left-hand side as it approached the plaintiff, also a stirrup extending down from the car beneath the ladder, which the defendant contends were placed there as places for the brakemen to ride when performing the duty in which the plaintiff at the time was engaged. There was no ladder or stirrup at the end of the car on its right-hand side as it approached the plaintiff. He was on the right-hand side of the track before taking the position on it from which he attempted to mount the car. This was necessary, he said, to enable him to signal the engineer of the engine pushing the car.

It apparently would have been impossible, on account of the intervening distance, for a man standing upon a ladder or stirrup on the side of the car at its end to reach around and open the knuckle of the coupler. While this was true, the Court of Civil Appeals found that the plaintiff could have performed the particular duty without getting on the brake-beam,—either by running ahead the slowly moving car and adjusting the knuckle before it reached the other car, or by giving a signal and causing the car to be stopped while he adjusted the knuckle for the coupling.

It was not possible, in our opinion, for this brake-beam to be kept in a condition which would render it safe as a place for one standing upon the track to mount an approaching car. It must be recognized, we think, that it was the most dangerous means that could be used in an attempt to mount a car in that situation. Being constructed, as it was, of angle iron, with the ends turned up and hollow in the center, it is apparent that it furnished practically no surface for the foot, but only a narrow ledge for it to rest upon. Unless the foot struck it squarely in attempting to mount it with the car approaching, there was every likelihood that the foot would slip to one side, causing the loss of balance. This danger would be inevitably increased by the fact that the beam, to be serviceable for the purpose for which it was constructed, was required to have some play both to the side and for forward and backward movement. It was plainly a highly dangerous instrumentality for the use which the plaintiff sought to make of it,—a use for which it was in no sense designed, and to which it could not be safely adapted, however perfect its condition as a brake-beam. To say that the defendant was under the duty of keeping such an instrumentality safe as a place to mount an approaching car would practically require the impossible. The law, with all its regard for the rights of others, does not exact the impossible of any man. It is supposed to be founded upon reason and fairness. Unless it possesses inherently those elements, it does not deserve the name of law and is not the law. It would be manifestly unjust to hold anyone to the duty of making an appliance safe for a given purpose which, whatever the prudence exercised, could not be made safe for that purpose. We think this is true of a brake-

beam attempted to be used as the place for mounting an approaching car; and we therefore hold that negligence could not be predicated upon the defendant's failure to make this brake-beam safe for such use by the plaintiff upon the occasion which caused his unfortunate injury.

It is a universal rule that an employer is not liable for an injury to the employe which results from the latter's putting an appliance to a wholly improper use. It is recognized that this rule is, in general, subject to qualification where it appears that it was customary for the appliance to be put to the improper use and the employer knew of such custom. But this qualification can have no application to an appliance which is not only wholly unsuited for the improper use which causes the injury, but is one which, from its nature, can not possibly be made safe for such use.

To test this question, let it be supposed that this defendant had required the plaintiff and other employes to use the brake-beam as the means for mounting an approaching car. Could it be doubted that that would be a negligent act of the most aggravated character? It would have amounted to a crime. Should he be held to the duty of doing that which, if done voluntarily, would subject him to just condemnation and penalty? Yet, to impose a requirement that a brake-beam be kept in good repair so as to afford it as a means for mounting an approaching car, simply means in its effect that if it is kept in such repair the employer has acquitted himself of his full duty to his employes in this regard, and is at liberty, not only to invite that use of it, but to require it. The same rule which laid the duty would exempt from liability its performance. The result would be a license through the law for an employer to furnish to his employes for this purpose an instrumentality whose use, however perfect its state of repair, could not but constantly threaten them with loss of limb or life. We are not willing to subscribe to such a doctrine. It seems to us that it would commit the law to countenance of a wrong rather than the protection of a right. With evidence of the existence of an express rule forbidding the use of a brake-beam as the means of mounting an approaching car,— a rule manifestly intended for the protection of the employes,—we decline to hold that even its persistent violation would serve to impose upon the defendant a duty which he could not in reason discharge, and which, if performed to the fullest possible extent, would in its substantial operation compel him to invite injury to his employes.

If there were anything in this case showing that the plaintiff was required by the defendant to use the brake-beam for the purpose to which he attempted to put it, the elements of actionable negligence would be fully presented. But such is not the case. The plaintiff's attempted use of it was purely voluntary, and, as found, by the Court of Civil Appeals, its use was not necessary to the work in which he was at the time engaged.

It is sought to justify his use of the beam by the claim that there was no other place upon the car where he could ride and open the

knuckle of the coupler while the car was in motion. It may be true that this was the condition, but we think this contention is disposed of by the patent finding of the Court of Civil Appeals that the use of the beam was not necessary for the purpose of opening the knuckle.

Reliance is placed by the plaintiff upon St. Louis S. W. Ry. Co. of Texas v. Keith, 58 Texas Civ. App., 323, 124 S. W., 695, decided by the Court of Civil Appeals for the Sixth District, in which a recovery by the plaintiff was sustained and a writ of error was refused. There an employe attempted to mount a moving box car upon and from the side by placing his foot against the end of the brake-beam, which because of an alleged defective condition, gave way and caused him injury. There was a finding that the employer knew of the customary use of the brake-beam in that manner and for that purpose. We think there would be some difference between the degrees of danger attendant upon an effort to mount a moving car from its side and upon its side by placing the foot against the end of the beam, and an attempt to get upon the beam from inside the track with the car squarely approaching the person making the attempt. But aside from this, an inspection of the petition for writ of error in that case discloses that no contention was made that negligence could not be predicated upon a failure to keep the beam in a condition safe for the use to which the plaintiff there put it. The position of the plaintiff in error in that case presented in this court was (1) that the beam was not defective, and (2) if it was, that there was no evidence showing it to have been negligent in not discovering the defect and remedying it prior to the injury.

In Ft. Worth & D. C. Ry. Co. v. Anderson, 118 S. W., 1113, the same Court of Civil Appeals determined that an employe attempting from within the track to mount an approaching car by means of the brake-beam,—as the plaintiff here attempted to do, was guilty of contributory negligence as a matter of law, although there was shown a customary like use by employes of the brake-beam for that purpose, and notwithstanding the urgent contention of the plaintiff, as is likewise here made, that he could not signal the engineer from the ladder on the left-hand side of the car; and further, that he could not see ahead from the ladder on the right-hand side. Under a petition directly attacking this holding, a writ of error was refused by this court. If the mere attempt to so use the brake-beam amounted to negligence per se, negligence could not be predicated upon a failure to keep it in a condition proper for such use.

Upon a careful consideration of the case, we are convinced that the receiver was not liable under the law. The judgments of the District Court and Court of Civil Appeals are, therefore, reversed, and judgment is here rendered for the plaintiff in error.

Associate Justice Yantis absent.

*Reversed and rendered.*