## CITY OF PANHANDLE V. J. H. BYRD.

No. 6876.   Decided June 23, 1937.
Rehearing overruled July 21, 1937.
(106 S. W., 2d Series, 660.)

*Underwood, Johnson, Dooley & Huff,* of Amarillo, for plaintiff in error.

Since the evidence discloses that any risk or hazard due to the dragging of the chain in question was equally as open and obvious to plaintiff as to the defendant, plaintiff failed to show a cause of action and defendant's special requested instruction, as to whether the possibility of the accident could have been

foreseen, should have been given. Texas & Pac. Ry. Co. v. Bradford, 66 Texas 732, 2 S. W. 595; Gulf, C. & S. F. Ry. Co. v. Williams, 72 Texas 159, 12 S. W. 172; St. Louis S. W. Ry. Co. v. Hynson, 101 Texas 543, 109 S. W. 929; City of Munday v. Shaw, 100 S. W. (2d) 765.

*J. Sid O'Keefe*, of Panhandle, and *Willis, Studer & Studer*, of Pampa, for defendant in error.

The trial court did not err in refusing defendant's peremptory charge, because the case of plaintiff was not based upon the furnishing of defective tools or instruments of the city but upon the method employed in the handling of those tools, and the manner in which the city was performing its work. Collins v. Pecos & N. T. Ry. Co., 212 S. W. 477; Gulf, C. & S. F. Ry. Co. v. Smith, 148 S. W. 820; Texas & N. O. Ry. Co. v. Gericke, 231 S. W. 745.

MR. JUDGE HICKMAN delivered the opinion of the Commission of Appeals, Section A.

Defendant in error J. H. Byrd will be called plaintiff and plaintiff in error City of Panhandle will be called defendant. In the trial court judgment was rendered in favor of plaintiff against the defendant for damages for personal injuries and the Court of Civil Appeals affirmed that judgment. 77 S. W. (2d) 904.

Plaintiff and one W. E. Wright were engaged in doing some work on unpaved streets in the City of Panhandle. The equipment used by them was a tractor operated by the foreman Wright and a grader operated by plaintiff. The particular enterprise in which they were engaged at the time plaintiff sustained his injuries was the cleaning out of ditches or gutters alongside one of the streets. At different places along these ditches culverts had been placed to form approaches to the premises of abutting property owners. In order to clean the ditches it was sometimes necessary to lift these culverts out of place temporarily. The method employed for removing the culverts was to uncouple the tractor from the grader, hook one end of a chain to the tractor and the other end around a sill of the culvert and then start the tractor in motion. To accomplish this they were furnished a long chain having a hook on each end. A short time before the accident Wright and Byrd uncoupled the grader from the tractor and removed some of these culverts. After removing them they left the chain in the street, drove the tractor back and coupled onto the grader. In proceeding

down the street with their work they passed over this chain, whereupon Wright brought his tractor to a stop and he and the plaintiff together dragged one end of the chain up to the grader and hooked it to the platform on the grader upon which plaintiff stood to operate same. They then moved ahead with their work, the tractor being in the lead pulling the grader and the chain trailing on the ground behind the grader with a hook on the trailing end. Several blocks ahead of them was a culvert which consisted of a 20-foot joint of 12-inch oil well casing laid in the ditch and covered over with soil. When they reached this culvert Wright turned the tractor out slightly to pass it by and plaintiff guided the grader in the same manner, but in some way the hook on the trailing end of the chain caught in the end of the casing with the result that the platform on which plaintiff was standing was jerked loose from the grader and he fell to the ground sustaining the injuries of which he complains.

Two grounds of negligence were alleged, as follows: 1st. In dragging the chain behind the grader, and, 2d, in having the platform upon which plaintiff was required to stand to operate the grader insecurely fastened thereto. No issues were submitted or requested on the second alleged ground of recovery and the judgment rests alone upon the ground that the dragging of the chain behind the grader constituted negligence on the part of the city. In answer to special issues the jury found negligence in the respect just mentioned, which was a proximate cause of the injury, and assessed the damages at $5,405.20. A remittitur of $405.20 was filed in the trial court and judgment rendered for $5,000.00. The jury further found that the injury received was not the result of an unavoidable accident, and in favor of the plaintiff on the issues of contributory negligence and assumed risk.

To aid the jury in answering the issue of proximate cause, the court defined that term, including in the definition this language:

" * * * it ought to have been reasonably foreseen or reasonably anticipated by one in the exercise of ordinary care, that the injury complained of, or some similar injury, would naturally and probably result in the light of the attending circumstances."

■ The jury found that the negligence on the part of the defendant in dragging the chain behind the grader was a proximate cause of the injury received by the plaintiff, thereby finding that it ought to have been reasonably foreseen or reasonably anticipated by one in the exercise of ordinary care that the in-

jury complained of or some similar injury would naturally or probably. result in the light of the attending circumstances. Upon the request of the defendant the court then submitted the following issue to the jury:

"Was the misfortune which befell plaintiff, or some similar event, something which a person of ordinary prudence should have reasonably foreseen beforehand as likely to occur from dragging the chain in question behind the grader."

To this issue the jury answered "No." The court should not have submitted the requested issue. It comprehended but one element of the ultimate issue of proximate cause, which had been submitted in the main charge. But our question is not whether it should have been submitted. It is one of conflict of findings and we are unable to reconcile them on any reasonable ground. They are so conflicting on a material and essential issue in the case as to be mutually destructive. Texas Utility Co. v. West, 59 S. W. (2d) 459 (error refused). For this error the judgments of the trial court and Court of Civil Appeals must be reversed and the cause remanded.

■ Defendant forcefully presents the contention that judgment should be here rendered that plaintiff take nothing. One of the grounds upon which this contention is urged is that at the time of his injury the plaintiff was doing work relating to the defendant's performance of a governmental function, and that therefore defendant was not subject to any liability to plaintiff on account of his injuries. On the authority of Ostrom v. City of San Antonio, 94 Texas 523, 62 S. W. 909; City of Wichita Falls v. Mauldin, (Com. App.) 39 S. W. (2d) 859, and City of Wichita Falls v. Sullivan, 39 S. W. (2d) 882, we hold that the grading and the cleaning of streets are not governmental functions, but are private or corporate enterprises, and overrule the contention.

The most difficult questions presented are the contentions that, as a matter of law, the plaintiff assumed the risk as one necessarily incident to the work in which he was engaged and that his own negligence was a proximate cause of his injuries. We have concluded, after mature consideration, that the cause should not be rendered here, but should be remanded to the trial court. In view of another trial it is not deemed proper to enter into a detailed discussion of the evidence, but it is thought that there is some evidence from which a jury might legitimately infer that plaintiff, as a man of ordinary prudence, did not foresee the danger of dragging the chain. Ordinarily there would be no danger whatever attendant upon dragging a chain

over a smooth street. On the other hand, there would be obvious danger in dragging a chain with a hook on the trailing end over a street in which there were objects upon which the hook might catch. We are not satisfied from the evidence that plaintiff was familiar with the premises and had knowledge of the presence of the embedded casing at the time the chain was hooked onto the platform. He had been employed by the city but two or three days before the accident. He did discover the casing just before the accident happened, but we are unwilling to hold, as a matter of law, that he was negligent in continuing to drag the chain after discovering this casing or that he assumed the risk after learning the facts. He had duties to perform in steering the grader and lifting the blade so as to pass by the casing, and the time was too short for us to hold, as a matter of law, that he should have then foreseen danger and taken steps to avoid it. The question has not been so fully developed as that we feel justified in rendering judgment, and we accordingly overrule the assignments calling upon us to do so.

■ The trial court properly declined to submit any issues to the jury on the pleaded ground of recovery based upon the negligence of defendant in failing to have the platform upon which plaintiff stood securely fastened to the grader. The only purpose which the platform was designed to serve was that of affording a place upon which the operator of the grader could stand in the performance of his duties, and it did not fail to serve that purpose. Obviously it was not constructed for the purpose of withstanding the strain of a pull like that to which it was subjected in this case. Liability can not be predicated against an employer for an injury to the employee brought about by the latter's putting an appliance to an improper use. The language just employed is almost a literal quotation from the opinion of this Court in Freeman v. Garretts, 109 Texas 78, 196 S. W. 506.

The other questions presented will doubtless not arise upon another trial.

The judgments of the trial court and Court of Civil Appeals are both reversed and the cause remanded.

Opinion adopted by the Supreme Court June 23, 1937.

Rehearing overruled July 21, 1937.