FIDELITY LUMBER CO. v. HOWELL et al.
(No. 371.)

(Court of Civil Appeals of Texas. Beaumont. Nov. 16, 1918. Rehearing Denied Dec. 11, 1918.)

1. INSANE PERSONS ⟨⟩100—JUDGMENT—VALIDITY.

A judgment against an insane person is not void and cannot be collaterally attacked by the insane person, or any person claiming from, through, or under him, or in privity with him.

2. JUDGMENT ⟨⟩693—PERSONS BOUND—HUSBAND AND WIFE.

Where a husband was in adverse possession of land, but became insane before he acquired title thereto, and the wife took charge of the family and continued to live with the insane husband upon the land, the possession of the wife could not be distinct from that of the husband, and a judgment in trespass to try title against the husband was binding on the wife, notwithstanding Vernon's Sayles' Ann. Civ. St. 1914, art. 3593.

Appeal from District Court, Tyler County; J. Llewellyn, Judge.

Action by the Fidelity Lumber Company against Mrs. R. C. Howell and others. From a judgment granting only part of the relief prayed for, plaintiff appeals. Affirmed as to part granting plaintiff relief, and, as to part in favor of named defendant, reversed and rendered.

Thomas & Wheat, of Woodville, for appellant.

R. A. Shivers, of Woodville, and V. A. Collins, of Beaumont, for appellees.

HIGHTOWER, C. J. This was a suit of trespass to try title, and was filed in the district court of Tyler county on October 11, 1916. The plaintiff was the Fidelity Lumber Company, and the defendants were Mrs. R. C. Howell, S. C. Howell, B. C. Howell, D. Howell, G. C. Howell, J. W. Howell, a minor, Tom Howell, a minor, Gladys Howell, a minor, and Baby Howell, a minor. All the above-named defendants, except Mrs. R. C. Howell, are the children of I. P. Howell, deceased, and the said Mrs. R. C. How-

ell, and the minor defendants above named, were represented by guardian ad litem upon the trial. The land sued for by the plaintiff, Fidelity Lumber Company, is a tract consisting of 480 acres, a part of section No. 41, G. & B. Navigation Company survey in Tyler county, which tract was fully described by metes and bounds in the plaintiff's petition. All the defendants above named, with the exception of G. C. Howell, filed a joint answer, in which they disclaimed as to all the land sued for by the plaintiff, with the exception of 160 acres thereof, which was described by specific metes and bounds in their answer. As to this 160 acres, said defendants answered by general demurrer, plea of not guilty, and further specially alleged that they had been in peaceable and adverse possession of this 160 acres for a period of more than 10 years before plaintiff's suit was filed and after its cause of action, if any it ever had, accrued, and the statute of limitation of 10 years was pleaded as to this 160-acre tract, in bar of plaintiff's recovery.

The defendant G. C. Howell filed a separate answer, in which he disclaimed as to all the land sued for by the plaintiff, except a tract thereof consisting of about.40 acres, described by specific metes and bounds, and to which he set up title under the statute of 10 years' limitation.

The case was tried with a jury and was submitted upon special issues by the trial judge, and upon the verdict returned by the jury, and the disclaimer filed by the defendants, judgment was entered in favor of the plaintiff, Fidelity Lumber Company, for all the land sued for, save and except the 160 acres claimed by specific metes and bounds by the defendant Mrs. R. C. Howell and the other defendants, except G. C. Howell, and as to this specific 160 acres judgment was rendered in favor of the defendant Mrs. R. C. Howell. From the judgment so rendered, Fidelity Lumber Company alone has appealed to this court.

From the record before us, it is clear that the appellant has a perfect title to all the land sued for by it and was entitled to judgment therefor, unless Mrs. R. C. Howell has acquired title to the 160 acres awarded her by the judgment under the statute of limitation of 10 years.

We make the following findings of fact from the undisputed evidence as shown by the record in this case:

In the fall of 1898, I. P. Howell, who was the husband of the appellee Mrs. R. C. Howell, and the father of the other defendants below, entered upon the tract of land in controversy with his said family. At the time he so entered, there were some small improvements upon the land, consisting of a small dwelling house and perhaps other small houses used in connection therewith, and there was a clearing or small field consisting of 6 or 7 acres. I. P. Howell bought these improvements from one J. D. Brown, and with his family continued to occupy and use the premises peaceably and cultivated the same, and claimed the same adversely until some time in October, 1906, when J. A. Mooney, who was at that time the owner of said 480-acre tract of land, brought suit in the district court of Tyler county against said I. P. Howell in the form of trespass to try title to recover the title and possession of said 480-acre tract of land. On the 18th day of December, 1906, judgment was rendered by the district court of Tyler county in said cause of J. A. Mooney v. I. P. Howell for the title and possession of said 480-acre tract of land, and by that judgment a writ of restitution and possession was awarded in favor of Mooney. This judgment constitutes a link in appellant's chain of title. In that cause the defendant, I. P. Howell, was duly cited, but did not appear, and no answer was filed by him or by any one for him, and judgment in that cause was in favor of Mooney by default. There was no appeal from that judgment, and the same became final; nor have any steps ever been taken to set the same aside by the said Howell, nor by any one for him.

At the time said suit of Mooney v. Howell was filed, the said I. P. Howell was insane, and he was insane at the time the judgment in said cause was rendered, and the evidence in the record is sufficient to warrant a finding by a jury that I. P. Howell was insane for perhaps two or three years before the filing of the suit against him by J. A. Mooney. After judgment was rendered in favor of Mooney, as before stated, I. P. Howell and his family continued to occupy the land and claimed the same as their homestead until some time in the fall of 1910, when I. P. Howell died. From the time that I. P. Howell became insane, whatever the date was, and until the death of I. P. Howell, he and his family continued jointly to occupy, use, and enjoy the premises on which they were living, and continued to claim 160 acres thereof adversely; but there was no change in the marital relations between I. P. Howell and his wife, Mrs. R. C. Howell, until severed by death of I. P. Howell in 1910. I. P. Howell was not at home all the time between the date of said Mooney judgment and up to his death in 1910, but was frequently away from home at work, and would usually come home on Saturday evenings and return to his place of work on Sunday evenings following. I. P. Howell, notwithstanding the judgment in the Mooney Case, continued to enjoy the premises in controversy as his homestead, and there was no claim on the part of Mrs. R. C. Howell to any portion of the land in controversy as against her husband, I. P. Howell, and she during all the period of their marital relations recognized him as her husband, and treated him as such, and the children, adult and minors, recognized him as their father

and treated him as such, and all of them recognized his claim and right, whatever it was, to the land in controversy up to the time of his death in 1910. Mrs. R. C. Howell, however, testified on the trial that after her husband became insane she considered that she thereby became the head of the family, and from that time she states that she claimed 160 acres of the land in controversy adversely and in her own right, and that the possession of the premises was her possession, and that no suit had ever been brought by any one against her until the present suit was filed, and under such circumstances she claims she has acquired title to the 160 acres recovered by her.

The record shows without dispute that, at the time the suit of Mooney v. I. P. Howell was filed in 1906, the plaintiff, Mooney, had no knowledge or notice of I. P. Howell's insanity, nor had he any such knowledge at the time judgment in said cause was had.

The appellant in its brief makes a number of assignments of error, but we shall not take them up in the order made, but we think that what we shall say in our conclusions of law upon the above facts will have the effect to dispose of them all.

Now the trial court submitted to the jury the following special issues having relevancy to the assignments of error here:

Issue No. 1: "Was I. P. Howell an insane person on October 15, 1906, the date of the institution of the suit entitled Mooney v. Howell?"

To this issue the jury answered: "Yes."

Issue No. 2: "Has Mrs. R. C. Howell had actual, peaceable, and adverse possession of the specific 160 acres of land described in her answer, or any part thereof, cultivating, using, or enjoying the same, for a period of 10 full years before the 11th day of December, 1916, and subsequent to the time that her husband, I. P. Howell, became insane?"

To this issue the jury answered: "Yes."

Issue No. 4: "Has Mrs. R. C. Howell had actual, peaceable, and adverse possession of the specific 160 acres of land described in her answer, or any part thereof, cultivating, using, or enjoying the same, for a period of 10 full years before the 11th day of October, 1916, and subsequent to the time that her husband, I. P. Howell, became insane?"

To this question the jury answered: "Yes."

Issue No. 6: "If you have found that I. P. Howell was insane, then state if he had become so insane prior to October 11, 1906."

To this issue the jury answered: "Yes."

It is the contention, in effect, of appellant that upon the undisputed facts, as we have substantially above stated them, and as the same must be controlled by the law, it was entitled to an instructed verdict in its favor for all the land sued for in this case, and that the trial court was in error in refusing, as it did, to so instruct the jury. Appellant claims in this connection that the judgment rendered in the cause of J. A. Mooney v. I. P. Howell, above mentioned, was not void, even conceding that I. P. Howell was insane at the time of such judgment or at the time said suit was filed, and that, the same having become final and never appealed from or in any manner directly attacked or set aside,

the same was binding and became an estoppel as against I. P. Howell, and also was binding upon and became an estoppel against the defendants in this case as to any of the land in controversy; and, after careful consideration, we have reached the conclusion that appellant's contention is correct and must be sustained.

It is the contention of the appellee Mrs. R. C. Howell that because of the insanity of I. P. Howell, her husband, which had existed and continued for several years prior to the filing of the suit of J. A. Mooney against I. P. Howell, and which existed at the date thereof and continued to exist at the date of the judgment in said cause, said judgment at the most would only be a bar in appellant's favor as against I. P. Howell himself, but that said judgment can in no manner affect her, because she was not made a party to said cause of Mooney v. Howell, and that she is not claiming the land awarded to her from I. P. Howell or through him or under him in any sense, and that she is not in privity with him in any sense, and that therefore the judgment in said cause of Mooney v. Howell could not bind her or estop her, since the undisputed testimony shows and the jury found that she was in adverse possession herself of the 160 acres recovered by her, and that, in view of the insanity of her husband during said time, she became the head of the family, and that really during all of said period of time since the insanity of her husband she was the adverse possessor of the land recovered by her, and that I. P. Howell, the husband, was, in contemplation of law, civilly and legally dead upon the day he became insane.

It is true that the record in this case shows without dispute that no title had vested in I. P. Howell at the time he was sued by J. A. Mooney in 1906, because he had only been in possession of the premises about seven years at the date of that suit, and could not, therefore, have acquired title under the 10 years' statute at that date, and from this counsel for Mrs. R. C. Howell argue that, because no title had vested in I. P. Howell at the time he was sued by Mooney or at the time that judgment was taken, she cannot be said to be in privity in any manner with her said husband. Counsel for appellee admit, however, that the judgment of the court in the cause of J. A. Mooney v. I. P. Howell was not void for the reason that I. P. Howell was insane at the date thereof, but that at the most such judgment was only voidable, and could have only been set aside by appeal or a direct proceeding for that purpose.

[1] It is well settled by the decisions of the Supreme Court of this state that a judgment against an insane person is not void, and it is equally well settled that such a judgment cannot be collaterally attacked by such insane person or by any person claim-

ing from, through, or under such insane person or in privity with him.

[2] In support of their contention that Mrs. R. C. Howell acquired title to the 160 acres of land awarded her by the judgment herein under the statute of 10 years' limitation, counsel cite Vernon's Sayles' Statutes, art. 3593. The article is found in the chapter dealing with the estates of deceased persons, and reads as follows:

"Where the husband or wife dies intestate, or becomes insane, having no child or children, and no separate property, the common property passes to the survivor, charged with the debts of the community; and no administration thereon or guardianship of the estate of the insane wife or husband shall be necessary."

It is argued by counsel for Mrs. Howell that this statute treats insane persons and deceased persons as being in the same class, and that therefore an insane person is, in legal contemplation, a dead person. We cannot agree with this contention of appellee's counsel; but, on the contrary, we think that there is, in legal contemplation, a vast difference between a person merely insane and one whose life is extinct. It is true that this contention finds support in the opinion of the court in the case of Forbes v. Moore, 32 Tex. 195; but that case on that point has not been followed. On the contrary, it has been overruled. Ry. Co. v. Bailey, 83 Tex. 24, 18 S. W. 482. True, it has been sometimes stated that, in case of a husband's insanity, the wife becomes the head of the family. Robinson v. Frost, 54 Vt. 105, 41 Am. Rep. 835. And also it has been held that the wife is the natural guardian of her insane husband. See note 34 L. R. A. 223. The question, however, that must be here determined, was not before the court in either of the above-mentioned cases.

Counsel for appellee also cite in support of their contention Wilson v. Johnson, 94 Tex. 272, 60 S. W. 242. Upon examination of that case, it will be found that the court only held that a judgment against a husband alone affecting the title to property which was the separate property of the wife was not binding upon the wife. The authority is without application, here.

Counsel also cite 23 Cyc. p. 1262, subd. J. There it is said:

"There is no legal privity between the husband and wife in such sense that a judgment for or against the one will conclude the other, where the action concerns their separate property rights or interests not derived from each other."

We concede that this quotation announces a sound doctrine and one that is recognized in this state. It has been held in this state many times that a judgment against a husband alone in a suit involving the wife's separate property cannot have the effect to bind the wife, but it is also well settled that a suit against the husband alone for property claimed by the wife will have the effect to suspend limitation in favor of the wife's claim. Read v. Allen, 56 Tex. 194; Burrell v. Adams, 104 Tex. 187, 135 S. W. 1156.

It has also been held that neither the husband nor the wife can acquire title by adverse possession as against the other of land of which they are in joint occupancy, during the continuance of the family relation. Gafford v. Strauss, 89 Ala. 283, 7 South. 248, 7 L. R. A. 568, 18 Am. St. Rep. 111. And it has been held by the courts of this state that there can be no such thing as adverse possession to that of the husband's by other members of his family. Burrell v. Adams, 104 Tex. 183, 135 S. W. 1156; Hurley v. Lockett, 72 Tex. 271, 12 S. W. 212.

Now the contention of the appellee Mrs. R. C. Howell simply amounts to this: Upon her husband's becoming insane, she became as a matter of law the head of the family and in control of the premises in question and the possession thereof was in her, and that such possession was separate and distinct from that of her husband, and was in no manner in privity with him, and that notwithstanding their joint occupancy of the premises, and notwithstanding there was no change in the character of the possession so held, and no change in the marital or family relations, the judgment in the cause of Mooney against her husband did not have the effect to suspend the statute of limitations as to her; she not being a party to that suit. Counsel have not cited a single authority in this or any other state which, in our opinion, sustains this contention; and, while counsel for appellant have not cited any case directly in point to the contrary, yet upon principle and analogous cases we conclude that as a matter of law there could be no adverse possession of the premises in controversy by Mrs. R. C. Howell separate and distinct from the possession of her husband, I. P. Howell, upon the undisputed facts as we have substantially above stated them, and further that unquestionably the suit of J. A. Mooney against I. P. Howell in 1906 had the effect to suspend the running of limitation, not only as against I. P. Howell, but also as against Mrs. R. C. Howell and their children, who claim with her in this suit.

It will be noted that 10 years had not expired between the date of the judgment in 1906 and the filing of this suit, and therefore there could be no claim of adverse possession predicated upon the time elapsing between said judgment and the filing of the present suit, and in fact appellee makes no such contention.

To concede the contention made by appellee in this case, it seems to us, would lead to a legal absurdity. Unquestionably, it is the rule in this state that title to land acquired by adverse possession during the marital relation becomes community property, and if I. P. Howell were still living, and it should be held that Mrs. Howell had acquired title to the 160 acres of land awarded her, by ad-

verse possession, then such land would be the community property of herself and I. P. Howell. On the other hand, under the settled rule in this state, the judgment against I. P. Howell in the Mooney suit was unquestionably a bar forever against him to any part of the land, unless such judgment should be set aside by a proper proceeding for that purpose. Therefore, and although I. P. Howell would be cut off by the Mooney judgment, he would, by the judgment in this case, if permitted to stand, get the very thing that he would be barred from getting by the Mooney judgment, because, under the undisputed facts in this case, the appellant here deraigns title from J. A. Mooney, in whose favor the judgment in that cause was rendered.

It seems to us that the error into which counsel for appellee have fallen in making their contention is that they have started with a wrong premise; that is, they take the position that because I. P. Howell was insane at the time he was sued and at the time judgment was taken, and for several years prior to the Mooney suit, he was legally and civilly dead, which, as we have shown, was not the case. It has been held by respectable authority that an insane person can acquire title to land by adverse possession. See Cathcart v. Matthews, 91 S. C. 464, 74 S. E. 985, Ann. Cas. 1914A, 36; Freeman v. Funk, 85 Kan. 473, 117 Pac. 1024, 46 L. R. A. (N. S.) 487.

While it is true that the trial court in this case submitted for the jury's consideration the question of whether or not Mrs. R. C. Howell had acquired title to the 160 acres of land claimed by her by adverse possession, and while the jury, in effect, found that she had, still, upon the undisputed facts in this case, that question became one of law, and in our opinion it must be held that she could not so acquire title to any portion of the land in controversy, and that the judgment in her favor for the 160 acres of land was erroneous.

As to the claim of 40 acres by G. C. Howell, the jury found that he had not been in continuous and adverse possession thereof for the required length of time to give him title thereto, and he was denied a recovery thereof, and properly so.

It follows from what we have said that the judgment should be affirmed in so far as it was in favor of the appellant for all of the land in controversy with the exception of the 160 acres claimed by Mrs. R. C. Howell, but that it should be reversed in so far as it awarded any portion of the land to Mrs. R. C. Howell, and since under no supposable state of facts, in view of the record before us, could she recover any portion of the land on another trial, it is our duty to here, not only reverse the judgment to the extent that it was in her favor, but also to render judgment in favor of the appellant for the land in controversy as against all the parties defendant to this suit; and it will be so ordered.