## HOWELL v. FIDELITY LUMBER CO.
### (No. 200-3267.)

(Commission of Appeals of Texas, Section A.
March 2, 1921.)

**1. Husband and wife** ⟨key⟩272(3) — **Community passes to wife on insanity of husband only where there are no children.**

Title to·community property under Rev. St. 1911, art. 3593, passes to the wife, on the husband becoming insane, only when they have no children.

**2. Husband and wife** ⟨key⟩272(3)—**For control of community to pass to wife on insanity of husband, bond necessary.**

Under Rev. St. 1911, arts. 3594, 3609, exclusive management and control of community property pass to the.wife on the husband becoming insane, they having children, only on her giving the bond required by article 3598.

**3. Husband and wife** ⟨key⟩270(5)—**Wife not necessary party to action against husband as to community.**

The wife is not a necessary party to trespass to try title against the husband as to community property, though he is insane, they having children so that title to the property does not pass to her by reason of his insanity, and she not having given the bond necessary for exclusive management and control to pass to her.

**4. Judgment** ⟨key⟩502—**Judgment against husband binding as to community on collateral attack.**

The wife not being a necessary party to trespass to try title against the husband as to community property though he was insane, judgment against him is binding on the community estate as well as him when attacked collaterally.

**5. Insane persons** ⟨key⟩100—**Judgment against not void.**

Judgment against an insane person is not void and can be attacked only on a direct proceeding for that purpose.

**6. Judgment** ⟨key⟩399—**When opened only defenses existing at rendition available.**

Even if judgment against an insane person in trespass to try title be opened, by direct proceeding, the defense of adverse possession can-

not be aided by time elapsing after rendition of the judgment.

Error to Court of Civil Appeals of Ninth Supreme Judicial District.

Action by the Fidelity Lumber Company against Mrs. R. C. Howell and others. Judgment so far as favorable to the named defendant was reversed by the Court of Civil Appeals (206 S. W. 947), and she brings error. Judgment of Court of Civil Appeals affirmed.

R. A. Shivers, of Woodville, and V. A. Collins, of Beaumont, for plaintiff in error.

Thomas & Wheat, of Woodville, and Baker, Botts, Parker & Garwood, of Houston, for defendant in error.

SPENCER, J. Defendant in error, Fidelity Lumber Company, sued plaintiff in error, Mrs. R. C. Howell, and the defendants named in the petition, in trespass to try title to the 480-acre tract of land described in the petition.

Defendant G. C. Howell sought by virtue of the 10-year statute to establish title to 40 acres of the land, but the jury found adversely to his claim, and he did not appeal from the judgment rendered.

Plaintiff in error, as well as the other defendants, disclaimed as to all of the land except a tract of 160 acres described in the first amended original answer and sought to establish title thereto by the 10-year statute.

The facts relied upon to establish limitation title are these: In 1898, I. P. Howell, the husband of plaintiff in error, with his family entered upon the land in controversy and continued to live thereon until his death in 1910, and after his death plaintiff in error with the children continued in possession. In December, 1906, J. A. Mooney sued Howell in trespass to try title to recover the 480 acres of land; and Howell, though cited, defaulted, and judgment was rendered against him in Mooney's favor, and writ of restitution and possession was awarded Mooney.

Plaintiff in error alleged, and the jury found, that I. P. Howell, husband of plaintiff in error, was insane prior to the filing of the suit by Mooney, and that plaintiff in error had actual, peaceable, and adverse possession of the 160-acre tract of land, cultivating, using, and enjoying the same for a period of 10 full years subsequent to the time that I. P. Howell became insane and before the date of filing of the petition in this case on October 11, 1916.

The district court rendered judgment based upon the finding of the jury in favor of defendant in error for all the 480 acres of land except the 160 acres described in plaintiff's petition, which was awarded to plaintiff in error. Upon appeal the Court of Civil Appeals reversed and rendered the judgment as to the 160-acre tract in favor of defendant in error. 206 S. W. 947.

Plaintiff in error seeks to avoid the effect of the judgment against the insane husband upon the theory that the title to the community property upon his becoming insane passed to her in virtue of Rev. St. 1911, art. 3593, and that as she was not served in the suit, the court acquired no jurisdiction over the person legally responsible to answer for the community, and therefore the community property could not be affected by the judgment rendered. Was she, therefore, a necessary party to the suit?

[1] Article 3593 reads:

"Where the husband or wife dies intestate, or becomes insane, having no child or children, and no separate property, the common property passes to the survivor, charged with the debts of the community; and no administration thereon or guardianship of the estate of the insane wife or husband shall be necessary."

This article does not apply where there are children, but where, as here, there are children, articles 3594 and 3609 give the wife the exclusive management, control, and disposition of the community property provided that she qualifies by giving the bond required by article 3598.

[2] Article 3594 reads:

"Where the wife dies or becomes insane, leaving a surviving husband and child, or children, the husband shall have the exclusive management, control and disposition of the community property in the same manner as during her lifetime, or sanity; and it shall not be necessary that the insane wife shall join in conveyances of such property, or her privy examination and acknowledgment be taken to such conveyances, subject, however, to the provisions of this chapter."

Article 3609 reads:

"The wife may retain the exclusive management, control and disposition of the community property of herself and deceased or insane husband in the same manner, and subject to the same rights, rules and regulations as provided in the case of the husband, and until she shall, in the event of the death of the husband, marry again."

Article 3598 reads:

"The surviving husband shall, at the same time he returns the inventory, appraisement and list of claims, present to the court his bond with two or more good and sufficient sureties, payable to and to be approved by the county judge, in a sum equal to the whole of the value of such community estate as shown by the appraisement, conditioned that he will faithfully administer such community estate, and pay over one-half the surplus thereof after the payment of the debts with which the whole

of such property is properly chargeable, to such person or persons as shall be entitled to receive the same."

The husband was not because of his insanity civilly dead; neither did his insanity operate as a dissolution of the marital relation or affect the legal status of the title to the community property. Hotard v. Hotard, 12 La. Ann. 145. Upon the husband becoming insane, the exclusive management and control of the community property did not automatically pass to the wife. While she may have been in actual possession, managing and controlling the property, it was not such management and control as contemplated by the statute. Such exclusive management and control contemplated by these articles could have been obtained only by giving the bond required by article 3598, Rev. Civ. Stat. 1911, which was not done.

[3-5] As she was not a necessary party to the suit, the judgment against the husband, who was non compos mentis at the time of its rendition, is binding and conclusive upon him and upon the community estate, is not to be impeached in any collateral action, and stands as a valid adjudication until annulled or reversed in some direct proceeding for that purpose. Black on Judgments, vol. 1, p. 205.

[6] However, had the wife directly attacked the judgment and sought to have it reopened to permit her to set up the statute of limitation, she would not have been entitled to relief. She could urge only such defenses as existed at the time of the rendition of the judgment and not those subsequently accruing. Black on Judgments, vol. 1, p. 350. The undisputed facts show that Howell with his family had not been upon the land for the statutory period of 10 years at the date of the rendition of the judgment, nor had the 10-year period elapsed from the date of the rendition of the judgment to the date of the filing of this suit, and hence neither the husband nor wife had any interest in the land, but were mere naked trespassers thereon.

Plaintiff in error not being a necessary party to the suit—and had she been a party could have urged no legal or equitable defense to the cause of action—is in no position to complain of the judgment. The operation of the statute of limitation running in favor of the community interest was interrupted by the judgment against the husband.

We recommend, therefore, that the judgment of the Court of Civil Appeals be affirmed.

PHILLIPS, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.