# NOVEMBER, 1944

## N. W. PEARSON ET AL V. W. J. DOHERTY ET AL.

No. 8192. Decided March 15, 1944.
Rehearing overruled November 1, 1944.
(183 S. W., 2 d Series, 453.)

*Jules Damiani* and *D. J. Wilson,* of Galveston, for petitioner Pearson, and *Harris & Coltzer,* of Galveston, and *Albert J. De-Lange, Frank A. Stamper* and *Robert P. Beman, Jr.,* of Houston, for petitioners J. A. Jensen et al.

The jury having found that the petitioner Agnes Pearson had peaceable, adverse and continuous possession of the land in question, using and enjoying the same for a period of ten

years, and there being no contrary or contradictory finding on that issue, as to her, a special issue finding that N. W. Pearson was not holding said land adversely, applied to him only, and it was error for the Appellate court to hold as a matter of law and fact, that the said Agnes Pearson filed to establish in her favor, a ten year limitation title to the land in controversy, and further erred in reversing the judgment entered by the trial court in her favor. Houston & T. C. R. R. Co. v. Strycharski, 92 Texas 1, 37 S. W. 415; Tunnell v. Reeves, 35 S. W. (2d) 707; Hartman v. Huntington, 11 Texas Civ. App. 130, 32 S. W. 562.

*Markwell & Stubbs*, of Galveston, *Fouts, Amerman & Moore, A. E. Amerman* and *A. E. Amerman, Jr.*, of Houston, for respondents.

Where a jury had found affirmatively in favor of a party upon an issue of ten years adverse possession in one issue, but in another issue found that the limitation claimant was not holding adversely to the true owner, the last finding is controlling over the first finding as to adverse possession and would be treated as a mere legal conclusion, the effect of which was destroyed by the adverse finding of a controlling fact upon which such conclusion rests. Bennett v. Carey, 99 S. W. (2d) 1105; Cuniff v. Bernard Corp., 94 S. W. (2d) 577; Houston Oil Co. v. Howard, 294 S. W. 848.

MR. JUSTICE CRITZ delivered the opinion of the Court.

This is an action in trespass to try title to what we will call a tract of 166 acres of land, a part of the A. G. Reynolds League in Galveston and Brazoria Counties, Texas. The suit was originally instituted in the District Court of Galveston County by J. A. Jensen and wife to recover from W. J. Doherty et al the title and possession of the 166-acre tract. Doherty et al filed a cross-action, in which they impleaded both Jensen and wife and N. W. Pearson and wife. It is shown that Doherty et al are the record owners of the land in controversy. Jensen and wife and Pearson and wife answered the cross-action of Doherty et al by general denial and pleas of not guilty. Also, they pleaded the Ten Year Statute of Limitation, Article 5510, R. C. S. of Texas, 1925. For convenience we will hereinafter refer to Doherty et al as Doherty, to Jensen and wife as Jensen, and to Pearson and wife as Pearson.

The trial in the district court resolved itself into two suits, wherein Pearson and wife sought recovery of approximately

115 acres of the above-mentioned 166-acre tract, and Jensen and wife sought recovery of approximately 50 acres thereof. Trial in the district court, where the case was submitted to a jury on special issues, resulted in a recovery by Pearson of the 115-acre tract, and a recovery by Jensen of the 50-acre tract. Doherty recovered one acre. No complaint is made of the one acre recovery.

As already stated, Doherty is the holder of the record title to all of this land. Pearson claims title to the 115-acre tract by adverse possession, under the Ten Year Statute of Limitation. Jensen claims title to the 50-acre tract by adverse possession, under the same statute. The trial court after a jury verdict on special issues adjudged the 115 acres to Pearson, the 50 acres to Jensen, and the one acre to Doherty. The Court of Civil Appeals affirmed the judgment of the trial court as to the one acre, but otherwise reversed and rendered for Doherty as against both Pearson and Jensen. The judgment of the Court of Civil Appeals awarded the entire 166 acres to Doherty. (Doherty v. Jensen) 174 S. W. (2d) 77.

In 1907 Jensen acquired 84 acres of land adjoining the land here claimed by him. In 1910 he sold Pearson 23 acres of this 84-acre tract. This 23 acres adjoins the land here claimed by Pearson. About 1909 or 1910 Jensen built a house on his part of the 84-acre tract, and made it his home. Pearson did likewise with the 23 acres he bought from Jensen. In 1910 or 1911 Pearson and Jensen constructed a fence, or fences, so that the 115 acres claimed by Pearson and adjoining his 23 acres were enclosed by the fences built and the fences belonging to others; and the 50 acres claimed by Jensen, and adjoining his 61 acres, were likewise enclosed. Neither Pearson nor Jensen have any character of title to any of this land, unless they have acquired title by the Ten Year Statute of Limitation.

Since this case really involves two separate land claims against Doherty, we shall take up each case separately, first disposing of the Pearson case and then the Jensen case.

### PEARSON CASE.

We deem it expedient to here quote Issues 3 and 15, as pertinent to this opinion:

"Special Issue No. 3.

"Do you find from a preponderance of the evidence that Cross-Defendants N. W. Pearson and wife, have had peaceable, adverse

and continuous possession of that part of the land involved in this cause, indicated on the plat introduced on the trial of this cause and designated Exhibit 1, embraced within the letters 'H' to 'Z-2' to 'Z' and back to 'H,' and more fully described as follows: (Here follows description), using or enjoying the same for a period of 10 years or more after the year 1925 to the filing of Cross-Plaintiffs first amended original answer and cross action on Oct. 9, 1939.

"ANSWER: 'Yes' or 'No.'"

"Special Issue No. 15.

"If you have answered Special Issue No. 3, 'Yes,' then answer the following:

"Do you find from a preponderance of the evidence that N. W. Pearson, during said ten-year period, was holding the land described in Special Issue No. 3 adversely and in hostility against the true owner?

"ANSWER: 'He was' or 'He was not.'"

The jury answered Issue No. 3, supra, "Yes," and Issue No. 15 "He was not." As we understand this record, the trial court gave controlling effect to the "Yes" answer to Issue No. 3, and awarded the 115 acres to Pearson under the Ten Year Statute of Limitation. The Court of Civil Appeals gave controlling effect to the "He was not" answer to Issue No. 15, and awarded the 115 acres to Doherty.

The trial court defined "peaceable possession," used in Issue No. 3, in the language of Article 5514 as follows:" * * you are instructed that by the term 'peaceable possession' as used in the issues, is meant such possession as is continuous, and uninterrupted by adverse suit to recover the estate."

The trial court defined the term "adverse possession," used in Issue No. 3, in the language of Article 5515 as follows: "* * by the term 'adverse possession' as used in this issue, is meant an actual and visible appropriation of the lands, commenced and continued under a claim of right inconsistent with and hostile to the claim of another."

We will not attempt to detail the other issues submitted or the jury's answers thereto. It is sufficient to say that the several findings of the jury called for a judgment awarding Pearson this 115 acres of land on his plea of title under the Ten Year

Statute of Limitation unless it can be said that the jury's answer to Issue No. 15 defeats that right. The trial court gave predominant effect to Issue No. 3 and awarded this land to Pearson; while the Court of Civil Appeals gave predominant effect to Issue No. 15 and awarded it to Doherty. In our opinion both courts entered erroneous judgments.

By its answer to Issue No. 3, considered in the light of the definitions contained in the charge, the jury found that Pearson had had peaceable, adverse and continuous possession of this land, using and enjoying the same by visible appropriation commenced and continued under a claim of right inconsistent and hostile to the claim of another for a period of ten years or more. By such findings, construed in the light of the findings other than the one to Issue No. 15, the jury found a statutory limitation title in Pearson as against "another." Certainly "another" includes the owner and the owner includes Doherty. By its answers to Issue No. 15 the jury contradicted its answer to Issue No. 3 and found that Pearson was not holding in hostility or adversely to Doherty. As regards Doherty he was included in both issues and therefore in both answers. The two answers therefore directly and materially conflict.

■ Doherty asserts that since there is evidence in this record which tends to show that Pearson was claiming and holding this land adversely to all the world except the owner, or the true owner, and that he was not claiming or holding adversely against the owner, the answers to Issues 3 and 15 do not conflict because the one first mentioned can be applied to all the world except Doherty, the owner, and the one last mentioned can be applied to the owner, Doherty. We are unable to agree to this construction of the jury's verdict. As already shown, the owner is included in both issues and in both answers. As to him the two answers contradict each other. If the owner is not included in Issue No. 3 then it is and was utterly meaningless and superfluous. Certainly if the court had failed to submit Issue No. 15, he could not have found on that issue as the jury did, and thereby have legally entered a judgment in spite of the answer to Issue No. 3.

In regard to the above ruling, we are fully aware of the fact that it is not in harmony with the opinion of the Court of Civil Appeals in Cuniff v. Bernard Corporation (writ refused), 94 S. W. (2d) 577, and Bennett v. Carey, 99 S. W. (2d) 1105, but in our opinion both of these opinions as regards the matter under discussion are out of harmony with the decisions of this

court as regards conflicts. The rule is that there is no priority of findings, either in degree or importance, and where two findings with respect to a material fact are such that both cannot be true, then neither can stand. Speer's Law of Special Issues, p. 560, sec. 431; 41 Tex. Jur., p. 1226, sec. 361; City of Panhandle v. Byrd, 130 Texas 96, 106 S. W. (2d) 660. "The test in such a case is, whether taking the finding alone in one instance, a judgment should be entered in favor of the plaintiff; and taking it alone in the other, judgment should be entered in favor of the defendant." Howard v. Howard (Civ. App. Writ. Ref.), 102 S. W. (2d) 473. In this instance we have two findings with respect to the same material fact that are such that both' can not be true. If we take the finding alone in response to Issue No. 3, we would render a judgment for Pearson. On the other hand, if we take the finding alone in response to Issue No. 15 we would render a judgment for Doherty. It follows that these two findings are so conflicting and antagonistic with and to each other that neither can stand.

It is our opinion that the decision of this Court· in City of· Panhandle v. Byrd, supra, in legal effect announces a rule of law regarding conflicting verdicts which is antagonistic to the rule of law announced in Cuniff v. Bernard Corporation, supra, and in Bennett v. Carey, supra. In the two cases last mentioned the Court of Civil Appeals held as contended for by Doherty in this case. In City of Panhandle v. Byrd, supra, this Court had before it a negligence case. The trial court submitted negligence and proximate cause in two separate issues. The court defined proximate cause, and in ·such definition, among other things, in substance, told ´the jury that proximate cause could only exist if the defendant ought reasonably to have foreseen or anticipated that the injury complained of by the plaintiff, or some similar injury, would naturally and probably result from the acts of the defendant. The jury found that 'the negligence of the defendant was the proximate cause of plaintiff's injuries, thereby finding that the defendant ought to have foreseen and anticipated the result of its act. In response to a later issue directly submitting foreseeableness or anticipation alone, the jury found that the defendant ought not. to have foreseen or anticipated the result of its act. In passing on the above record this Court held that the answer of the jury on proximate cause, which included anticipation and foreseeableness on the part of the defendant, and the answer of the jury to the issue directly submitting foreseeableness or anticipation alone were in fatal conflict. In the case at bar we have exactly the same character of conflict.

■ At another trial of this case, if the facts are substantially the same as the facts of this record, it will not be error for the court to submit Issues Nos. 3 and 15 as he did in this trial. Of course, the court should refuse to receive the verdict if there is a conflict as defined by this opinion. In this connection, however, we hold that the court may avoid the necessity of submitting Issue No. 15, and thus remove the danger of a conflict in the jury's findings, by instructing the jury, immediately in connection with Issue No. 3, that in order for Pearson and wife to have had peaceable and adverse possession of the land in question within the meaning of the law, they must have held possession of the land for the full-ten-year period adversely and in hostility to the claim of Doherty, and unless the jury finds from a preponderance of the evidence that they have so held such land adversely and in hostility to the claim of Doherty, they will answer Issue No. 3 in the negative.

■ Doherty contends that the evidence in this case entitles him to a judgment awarding him the title and possession of this land because it shows conclusively that Pearson did not claim adversely as against the true or real owner, and therefore shows that Pearson has not acquired title by the Ten Year Statute of Limitation. We overrule this contention. In our opinion the evidence contained in this record raises a fact issue on the question of adverse claim and possession. It is true that Pearson, in his deposition taken before the trial, stated that he was not trying to take this land away from those who owned it; but at the trial itself Pearson testified that since 1925 he had never acknowledged that any other person than himself owned this land, and that since 1925 he had always claimed it for himself. The record in this condition presents a fact question. Stewart v. Luhning, 134 Texas 23, 131 S. W. (2d) 824; O'Meara v. Williams (Tex. Civ. App.), 137 S. W. (2d) 66.

■ The contention is made on behalf of Mrs. Pearson that since she is expressly included with her husband, N. W. Pearson, in Issue No. 3, while only N. W. Pearson is included in Issue No. 15, the judgment of the district court can be affirmed as to her, because as to her there is no conflict of findings. This contention is overruled. N. W. Pearson and wife were husband and wife during all the time they had possession of this 50 acres of land. Whatever title they or either of them could have acquired by adverse possession for ten years would have been community property. The evidence is that they lived together as husband and wife in their home adjoining this 115 acres, and that the husband used such 115 acres and other lands in the inclosure

for grazing cattle, which we assume were community property. Mrs. Pearson had no possession apart from her husband's possession. His possession was her possession, and her possession was his possession. If his possession was not hostile to the owner hers was not. Hurley v. Lockett, 72 Texas 262, 267, 12 S. W. 212; Texas & N. O. Ry. Co. v. Speights, 94 Texas 350, 356, 357, 60 S. W. 659; Fidelity Lumber Co. v. Howell (Civ. App.) 206 S. W. 947; affirmed Howell v. Fidelity Lumber Co. (Com. App.) 228 S. W. 181; O'Meara v. Williams, 137 S. W. (2d) 66, 68.

### JENSEN CASE.

As germane to this opinion the jury made two findings as follows:

(a) in Response to Special Issue No. 1 the jury found that Jensen had had peaceable and adverse possession of the 50-acre tract awarded to him in the judgment of the district court, using and enjoying the same for a period of ten years continuously after 1911, and before April 8, 1939.

In repsonse to Special Issue No. 13 the jury found that Jensen, during the period of time between 1911 through March 1924, recognized Norman Kittrell, Jr., as the owner of this entire 166 acres of land. As already shown the 50 acres included in Special Issue No. 1, supra, is a part of the 166-acre tract.

When we come to consider the two findings, supra, we readily see that they do not in any way conflict with each other. No. 1 merely finds facts which would constitute a 10-year limitation title in Jensen acquired during some undefined 10-year period of time between two dates, comprising a span or spread of some 28 years. Finding No. 2, in legal effect, finds that, from 1911 to through March 1924, Jensen did not claim this land adversely to Norman Kittrell, Jr. Norman Kittrell, Jr., was the then record owner. The net results of the two findings is that Jensen acquired a limitation title to this land by adverse possession, which adverse possession began after March 1924, and did not begin before that date.

There is ample evidence in this record to sustain the finding that Jensen recognized Norman Kittrell, Jr.'s title to this 50 acres of land prior to through March 1924, and the evidence is conclusive that if such condition existed prior to such time nothing occurred thereafter which would sustain a finding of adverse possession, begun after such date. This conclusion is fully demonstrated by the facts set out in the opinion of the Court of

Civil Appeals and no good purpose would be served by repeating them there.

The judgments of the Court of Civil Appeals and district court are both in part affirmed and in part reversed as follows:

1. The judgment of the district court awarding Doherty the one-acre tract of land is affirmed.

2. The judgment of the Court of Civil Appeals awarding Doherty the 115-acre tract of land and the judgment of the district court awarding Pearson the same tract are both reversed, and as said tract alone and said parties alone this cause is remanded to the district court for a new trial.

3. The judgment of the Court of Civil Appeals reversing the judgment of the district court as to the 50 acres of land claimed by Jensen is affirmed, thus awarding said 50 acres of land to Doherty; and it is ordered that Jensen take nothing by reason of any claim he has asserted in this cause.

4. It is ordered that Pearson has no claim against or title to the 50 acres of land awarded to Doherty.

5. It is ordered that Pearson and Jensen pay all costs incurred by the appeal of this case to the Court of Civil Appeals.

6. It is ordered that Doherty and Jensen pay all costs incurred by the appeal of this case to the Supreme Court.

Opinion delivered March 15, 1944.

Rehearing November 1, 1944.