Fay HARRELL, et al., Appellants,

v.

R. B. CRABTREE, et ux., Appellees.

No. 3101.

Court of Civil Appeals of Texas.

Eastland.

July 9, 1954.

Rehearing Denied Sept. 10, 1954.

Park & Hemphill, Snyder, for appellants.

Wayland G. Holt, Snyder, for appellees.

COLLINGS, Justice.

This is a suit in trespass to try title brought by Fay Harrell, Myrtle Harrell and Garrett Harrell against R. B. Crabtree and wife, Juanite Crabtree, in which judgment was sought for title and possession of Lot 3 in Block 3 of Warren Crest Addition to the City of Snyder in Scurry County, Texas. Plaintiffs alleged peaceable and adverse possession, cultivation and use of the lot in question for more than ten years prior to bringing suit, and pleaded the ten-year statute of limitations. Defendants answered by a plea of not guilty and general denial. The trial was before a jury which found that none of the plaintiffs had peaceable, adverse and continuous possession of the land for any period of ten years after March, 1933, and prior to June 17, 1953. Based upon such findings judgment was entered for defendants that plaintiffs take nothing by reason of their suit. Fay Harrell and other plaintiffs have appealed.

It is urged by appellants that the court erred in entering judgment against them because the evidence shows conclusively that they and their predecessors in title have, as a matter of law, perfected a ten-year limitation title under Article 5510, Vernon's Texas Revised Civil Statutes. In support of their contention, appellants point out their testimony to the effect that their father, C. J. Harrell, purchased the lot in question and received a deed thereto from Ernest Taylor. The evidence shows that this deed was never recorded and appellants admitted that they had never seen such a deed. One of appellants stated that he first knew that he did not have such a deed in 1949. Ernest Taylor, the alleged grantor in such deed, testified that he had no recollection of giving a deed to the property to C. J. Harrell or to anyone except T. C. Goss, who was the predecessor in title of appellees, R. B. Crabtree and wife. Appellants testified that their father, C. J. Harrell, claimed said Lot No. 3 in Block 3, and in fact, all of Block 3, except one lot which their father recognized as belonging to Pete Bridgman; that their father enclosed the entire Block 3 with a fence in the spring of 1933 for the purpose of cultivating same and grazing his cows, horses and other stock thereon. Appellants further testified that the fence enclosing such block was at all times from 1933 to the summer of 1952 kept and maintained in good repair by appellants and by their predecessors in title; that during all of such period appellant or their father and mother have continuously and without interruption, used, cultivated and enjoyed said Lot No. 3, and that their possession has been open, exclusive, continuous, visible and notorious.

The evidence shows that appellants and their predecessors have paid most of the taxes on all of Block 3 since 1934, but that Ernest Taylor has repaid appellants for the taxes paid on Lot No. 3 in said block. Although appellants paid for the paving in front of other lots in said block, they did not pay for the paving in front of Lot No. 3.

In our opinion, the evidence is not conclusive that appellants and their predecessors perfected a ten-year limitation title. Appellants had the burden of showing adverse possession of Lot No. 3 for a continuous ten-year period as alleged. Appellants were interested witnesses and their testimony of continuous possession, cultivation and use of the land by their father and by themselves was not required to be accepted as true merely because it was not directly or expressly contradicted. Gray v. King, Tex.Civ.App., 227 S.W.2d 872. Continuous possession, cultivation and use alone, however, is not sufficient. The possession must be adverse. Smith v. Estill, 87 Tex. 264, 28 S.W. 801.

132

The question whether possession has been adverse depends upon the intention of the limitation claimant in enclosing, using, occupying and enjoying the premises in controversy. This is true even when there has been action by the claimant of a prima facie hostile import. The question is essentially one of fact and a court is rarely justified in holding such adverse intention is established as a matter of law. Bruni v. Vidaurri, 140 Tex. 138, 166 S.W. 2d 81; Epps v. Finehout, Tex.Civ.App., 189 S.W.2d 63, Writ Ref.W.M.

It is also to be noted that appellants testified that they were claiming the land only because they thought their father bought it and that if someone else could show good title to the land they would not claim against such title holder. This evidence presented a fact issue on the question of appellants' adverse possession. Pearson v. Doherty, 143 Tex. 64, 183 S.W. 2d 453.

Appellants also urge that limitation title to the property was acquired by their predecessors in title, Mr. and Mrs. C. J. Harrell, and that they, as the only heirs, are now vested with such title; that their title, so acquired, cannot be lost by a verbal statement of non-claim or by the acceptance of the taxes they and their predecessors had paid thereon. As heretofore indicated, it is our opinion that the evidence of adverse possession by appellants and of their father raises a fact issue for jury determination but does not conclusively establish such adverse possession. It is further pointed out that the evidence presented by appellants was to the effect that C. J. Harrell fenced Block 3 in 1933 and that he died in 1938. This five-year period was not sufficient to vest title in C. J. Harrell under the ten-year statute of limitations even if the evidence of his adverse possession during such five-year period could be held conclusive.

Mrs. Harrell died in 1949. The evidence indicates that after the death of her husband the business of the estate was managed by one of appellants. The only evidence of Mrs. C. J. Harrell's adverse claim to the lot in question after the death of her husband was from appellants who are interested witnesses. Such evidence is not conclusive but merely presented a fact question for the jury.

To recover in this cause, appellants had the burden of establishing that they and their father and mother or some one of them had peaceable, adverse and continuous possession of the land in controversy for a period of ten years after March, 1933, and prior to the institution of this suit. The issue was submitted to the jury which found, in effect, that neither appellants nor their parents had such peaceable, adverse and continuous possession. Contrary to appellants' contention, the evidence is not, in our opinion, conclusive that either appellants or their parents have had such possession, and the court did not err in entering judgment upon the verdict of the jury.

The judgment is affirmed.