PRODUCERS CHEMICAL COMPANY et al.

v.

Hon. Lewis M. GOODRICH et al.

No. 7114.

Court of Civil Appeals of Texas

Amarillo.

Oct. 2, 1961.

Rehearing Denied Oct. 30, 1961.

Underwood, Wilson, Sutton, Heare & Berry, Amarillo, for relator, Producers Chemical Co.

Gibson, Ochsner, Harlan, Kinney & Morris, Amarillo, and J. D. Crow, Canadian, for relators, Billy Allen Stamps et al.

NORTHCUTT, Justice.

Billy Allen Stamps and Lillian Burnett, et al., as the plaintiffs brought suit against Producers Chemical Company, a corporation, for damages allegedly caused by Producers Chemical Co. Stamps brought suit for his personal injuries. Lillian Burnett, et al., brought suit, as the surviving wife and children of A. H. Burnett, for damages caused by the death of said A. H. Burnett.

It was alleged that Stamps was employed as a roughneck and A. H. Burnett was employed as a driller, and that they were employed by Canadian River Drilling Co. of Amarillo, Texas and were working on said company's oil well drilling rig which was engaged in drilling an oil well on the Hutch Moore lands in Roberts County, Texas, when an explosion occurred at such place and on said date which caused the injuries as thereafter set forth. The pleadings then described the injuries and damages. The plaintiff then pleaded as follows: "Said rig was using compressed air as the agent or vehicle for carrying the cuttings from the hole being drilled, which air was being supplied by an air compressor then and there owned and operated and under the sole supervision of the defendant, Producers Chemical Company. Said compressor was attached, through lines belonging to said defendant, to the mudline of the employer of the plaintiff, and had been so set up and attached by the said defendant. Said compressor was allowed by said defendant to compress air into the said lines at a pressure of at least 1000 pounds, which air by reason of said compression had become heated, and when the same reached a critical point it combined with *diesal* fuel or lubricating oil which had entered said line through the said defendant's compressor and exploded with great force and violence, shattering the said lines into small fragments and propelling them throughout the area where the rig was located and causing a blast which plaintiff alleges is the cause of his injuries."

Plaintiff says that defendant Producers Chemical Company was negligent in the fol-

lowing particulars and such negligence was the proximate cause of the plaintiff's injuries and damages, viz.:

(a) In allowing its compressor to accumulate a pressure in the lines in excess of 1000 pounds;

(b) In operating said compressor when the same was leaking lubricating oil through its pistons into the air lines;

(c) In pouring diesel fuel into said compressor so that it entered into the air lines;

(d) In operating said compressor when the same was without safety device or devices to prevent accumulation of air pressure in excess of 1000 pounds.

(e) In operating said compressor when the same had no device or devices for cooling the compressed air entering the line;

(f) In having an inexperienced operator in control of said compressor;

and each of such acts of negligence and all of the same, taken severally as well as collectively, was the proximate cause of the plaintiff's injuries and damages as hereinafter set forth.

The two cases were tried together and submitted to a jury upon special issues. After the jury returned their answers to the special issues, the trial court entered an order declaring a mistrial because the jury's answer to special issue 10 was in hopeless conflict with its answers to the several subdivisions of special issues 3, 4, and 5, and declared that the case should stand for trial in due course upon the merits.

The plaintiffs and defendant each have presented their motion herein to file mandamus, contending the trial court erred in declaring a mistrial, and both are contending they are entitled to judgment upon the verdict of the jury.

Since the only issues involved herein are issues 3, 4, 5, and 10 the other issues will not be considered. Issues 3, 4, 5, and 10 and the answers of the jury thereto are as follows:

"Special Issue No. 3.

"(a) Do you find from a preponderance of the evidence that at the time and place in question E. S. McDonald, or any employee of the Defendant, Producers Chemical Company, operated its compressor when same was leaking oil into its outlet line?

"Answer 'Yes' or 'No'

"Answer—Yes

"If you have answered subdivision (a) 'Yes', then answer subdivision (b); otherwise you need not answer same.

"(b) Do you find from a preponderance of the evidence that such operation of the compressor, if you have so found, was negligence?

"Answer 'Yes' or 'No'.

"Answer Yes

"If you have answered subdivision (b) 'Yes', then answer subdivision (c); otherwise you need not answer same.

"(c) Do you find from a preponderance of the evidence that such negligence, if you have so found, was a proximate cause of the explosion in question?

"Answer 'Yes' or 'No'

"Answer Yes

"Special Issue No. 4

"(a) Do you find from a preponderance of the evidence, if any, that at the time and place in question Defendant, Producers Chemical Company, was operating its compressor without having thereon a device to prevent the accumulation of air pressure in excess of 1000 pounds?

"Answer 'Yes' or 'No'

"Answer Yes

"If you have answered subdivision (a) 'Yes', then answer subdivision (b); otherwise you need not answer same.

"(b) Do you find from a preponderance of the evidence, if any, that such operation, if you have so found, was negligence?

"Answer 'Yes' or 'No'

"Answer Yes

"If you have answered subdivision (b) 'Yes', then answer subdivision (c); otherwise you need not answer same.

"(c) Do you find from a preponderance of the evidence, if any, that such negligence, if you have so found, was a proximate cause of the explosion in question?

"Answer 'Yes' or 'No'

"Answer Yes

"Special Issue No. 5

"(a) Do you find from a preponderance of the evidence, if any, that at the time and place in question Defendant, Producers Chemical Company, was operating a compressor that did not have on it a device for cooling the compressed air before the air entered the line?

"Answer 'Yes' or 'No'

"Answer Yes

"If you have answered subdivision (a) 'Yes', then answer subdivision (b); otherwise you need not answer same.

"(b) Do you find from a preponderance of evidence, if any, that such operation, if you have so found, was negligence?

"Answer 'Yes' or 'No'

"Answer Yes

"If you have answered subdivision (b) 'Yes', then answer subdivision (c); otherwise you need not answer same.

"(c) Do you find from a preponderance of the evidence, if any, that such negligence, if you have so found, was a proximate cause of the explosion in question?

"Answer 'Yes' or 'No'

"Answer Yes

"Special Issue No. 10

"Do you find from a preponderance of the evidence that on the occasion in question McDonald subjected himself and the Producers Chemical Compressor and employees to the control of Canadian River Drilling Company with respect both to the work to be done and the manner in which it was to be done?

"Answer 'Yes' or 'No'

"Answer: Yes"

The parties herein will be referred to as they were in the trial court. We are not here called upon to determine whether McDonald was the employee of the defendant, Producers Chemical Co., or the Canadian River Drilling Co. In order to hold Producers Chemical Co. liable under the principal of respondeat superior the relation of master and servant must be shown between it and McDonald with respect to the very transactions out of which the injury arose. The issues involved herein deal with the operation of the machine and not a defective machine. Hilgenberg v. Elam, 145 Tex. 437, 198 S.W. 2d 94 by the Supreme Court.

Neither are we called upon herein to determine whether the jury was justified in finding as it did but the sole issue is whether the trial court was correct in holding there was a hopeless conflict in the answers of the jury to the special issues. No issue was ever submitted to the jury as to a defective compressor, and all of the plaintiff's allegations of negligence were questioning the operation of the compressor. The effect of the answer to special issue 10, McDonald was a borrowed servant of Canadian River Drilling Co. In answer to special issue 3(a), the effect of the jury's answer was that McDonald was the employee of Producers Chemical Co. Answers to issues 4 and 5 determine that Producers Chemical Co. was operating its

compressor, and naturally if McDonald was operating the compressor he was either the agent and employee of Producers Chemical Co. or Canadian River Drilling Co. McDonald was acting as the employee, at the time of the accident in question, of Producers Chemical Co. or Canadian River Drilling Co. but not for both of them.

The answer to special issue 10 seems to warrant judgment for the Producers Chemical Co. The answers to special issues 3, 4, and 5 seem to warrant judgment for the plaintiffs. It is stated in Big Six Oil Co., Inc. v. West et al., Tex.Civ.App., 136 S.W.2d 950, 954 (writ dismissed judgment correct), as follows:

"We believe that a conflict which destroys the verdict must be one where one of the conflicting findings would warrant a judgment for one of the parties and the other conflicting finding would warrant a judgment for the other party."

We are of the opinion that the trial court was correct in holding there was a hopeless conflict in the answers of the jury. The application for writs of mandamus are both denied.

DENTON, Chief Justice (concurring).

I agree that a writ of mandamus should be denied in this case, but I am unable to agree with the basis upon which the majority opinion predicated its conclusion.

Both plaintiffs below went to trial on identical allegations that defendant Producers Chemical Company committed certain acts of negligence and that each act was the proximate cause of the plaintiffs' injuries. The special issues submitted to the jury followed these allegations except the first three issues inquired if *employees* of Producers Chemical committed the alleged acts of negligence, and the next two issues inquired if Producers Chemical Company committed the alleged acts of negligence. (Emphasis added.) In re-

sponse to Special Issue No. 10 the jury found McDonald, an admitted general employee of Producers Chemical, subjected himself and the compressor to the Canadian River Drilling Company both as to the work to be done and the manner in which it was done. The latter finding brings McDonald under the borrowed servant principle.

In my opinion the findings that Producers Chemical, through its employee, was negligent in operating the compressor when it was leaking oil through its outlet line; in operating the compressor without a devise to prevent the accumulation of air pressure over one thousand pounds; and operating a compressor that had no cooling devise; and the finding that McDonald and other employees of Producers Chemical were borrowed servants of Canadian River Drilling Company are diametrically opposed. The answers to issues 3, 4 and 5 destroy the answer to Special Issue No. 10. The answers to issues 3, 4 and 5 go to either the manner of operating the compressor or operating it under unsafe conditions. In my opinion neither plaintiff's allegations nor the jury's findings support a cause of action against Producers Chemical for furnishing an unsafe or defective chattel.

If we disregard the finding that McDonald was a borrowed servant, a judgment for the plaintiffs would be required. If we disregard the findings of Special Issues Nos. 3, 4 and 5, a judgment for defendant Producers Chemical would be required. This test has been approved by the Supreme Court in Pearson v. Doherty, 143 Tex. 64, 183 S.W.2d 453 and Howard v. Howard (Tex.Civ.App.) 102 S.W.2d 473 (writ refused). It is therefore apparent that these findings are in fatal conflict and will not support a judgment for either the plaintiffs or the defendant.

CHAPMAN, Justice.

I concur in the results reached by my associates.