**E. E. TRAYWICK et al., Relators,**

v.

**Hon. Lewis M. GOODRICH et al., Respondents.**

No. 7224.

Court of Civil Appeals of Texas. Amarillo.

Sept. 24, 1962.

Rehearing Denied Oct. 29, 1962.

Gibson, Ochsner, Harlan, Kinney & Morris, Amarillo, for relators.

Ray & Knudtson, Amarillo, for respondents.

DENTON, Chief Justice.

This is an original proceeding in which relators seek a writ of mandamus requiring the Hon. Lewis M. Goodrich, Judge of the 31st Judicial District of Gray County, Texas, to set aside an order declaring a mistrial, and render judgment in favor of relators based on the jury verdict. Plaintiffs in the lower court were also named as respondents.

Eli Ethridge and wife, Maxine, sued E. E. Traywick and Phillips Petroleum Com-

pany for personal injuries alleged to have been sustained by Mrs. Ethridge as a result of a collision between the plaintiff's automobile and one owned by Phillips and being driven by Traywick. After the jury verdict was received and the jury discharged, relators filed a motion for judgment on the verdict. Respondent Ethridge filed a motion to disregard the jury's answer to Special Issue No. 9 and for judgment, and a motion that a mistrial be declared on the ground the jury's answers to Special Issues Nos. 9 and 13 were in fatal conflict. Both motions for judgment were overruled. The court sustained the motion to declare a mistrial and such order was duly entered. The court's ruling was based on the premise that the jury's answers to Special Issues Nos. 9 and 13 were in fatal conflict. If there is no conflict this court may issue a writ under the provisions of Art. 1824, Vernon's Ann. Tex.St.

Special Issues Nos. 9 and 13 together with the jury's answers thereto are as follows:

### "SPECIAL ISSUE NO. 9

"A. Do you find from a preponderance of the evidence that on the occasion in question Maxine Ethridge failed to maintain that character of lookout which would have been maintained by a person of ordinary prudence under the same or similar circumstances?

"Answer: 'Yes' or 'No'

"We, the jury answer 'Yes'

"If you have answered A 'Yes' then answer B:

"B. Do you find from a preponderance of the evidence that such failure, if you have so found, was a proximate cause of the collision?

"Answer: 'Yes' or 'No'

"We, the jury answer YES."

### "SPECIAL ISSUE NO. 13

"A. Do you find from a preponderance of the evidence that Maxine Ethridge failed to ascertain or determine that the way was clear for her to enter the intersection before doing so?

"Answer: 'Yes' or 'No'

"We, the jury answer YES

"If you have answered A 'Yes' then answer B:

"B. Do you find from a preponderance of the evidence that such failure, if you have so found, was negligence?

"Answer: 'Yes' or 'No'

"We, the jury answer NO

"If you have answered B 'Yes' then answer C:

"C. Do you find from a preponderance of the evidence that such negligence, if any, was a proximate cause of the collision?

"Answer: 'Yes' or 'No'

"We, the jury answer."

By their answer to Special Issue No. 9 the jury found Mrs. Ethridge failed to maintain a proper lookout *upon the occasion in question* (emphasis added); and that this act of negligence was a proximate cause of the collision. The jury's answer to Special Issue No. 13 found Mrs. Ethridge failed to determine the way was clear to enter the intersection before doing so; but that such failure was not negligence. To support their contention that the jury's answers to the two special issues involved can be reconciled, relators argue the two issues refer to acts of Mrs. Ethridge at two different periods of time preceding the collision. Their contention is that in response to Special Issue No. 9 the jury found Mrs. Ethridge was negligent in failing to keep a proper lookout between the time she left the stop sign and the occurrence of the collision; and that in answer to Special Issue

No. 13 the jury found she was not negligent in failing to see Traywick's car while stopped at the stop sign. The latter contention is based on evidence that three parked cars and a fence on her left may have obscured her view. We do not agree with this analogy. As worded, Special Issue No. 9 inquired as to the character of Mrs. Ethridge's "lookout" "on the occasion in question." It is clear this issue takes into consideration the conduct of Mrs. Ethridge throughout the entire course of events leading up to the collision. Special Issue No. 13 is in reality a lookout issue. For a driver to determine the way is clear, it is essential that a lookout be maintained. Both issues deal with the same material fact. If Mrs. Ethridge was negligent in the manner of the lookout she kept "on the occasion in question" it cannot be said she was not negligent in the manner of the lookout she kept before proceeding into the intersection.

 The test to be applied in these cases is well settled. The test was laid down in Howard v. Howard (Tex.Civ. App.) 102 S.W.2d 473 (writ refused) in the following language:

"The test in such [a] case is, whether taking the finding alone in the one instance, a judgment should be entered in favor of the plaintiff; and taking it alone in the other, judgment should be entered in favor of the defendant."

Our Supreme Court has quoted this test with approval in Pearson v. Doherty, 143 Tex. 64, 183 S.W.2d 453; Little Rock Furn. Co. v. Dunn, 148 Tex. 197, 222 S.W.2d 985. In applying this test we must consider each of the answers claimed to be in conflict, disregarding the alleged conflicting answer, but consider all of the rest of the verdict, and if, so considered, one of the answers required a judgment in favor of the plaintiff and the other would require a judgment in favor of the defendant, the answers are in fatal conflict. Defendant Traywick was found to have been negligent in several particulars, and such negligence was found

to be a proximate cause of the collision; while the plaintiff Maxine Ethridge was found to be contributorially negligent in only the one instance as found in answer to Special Issue No. 9. When the above test is applied to the instant case we conclude the jury's findings to Special Issues Nos. 9 and 13 constitute a fatal conflict which cannot be reconciled and the verdict cannot form a proper basis for a judgment.

The relators' petition for a writ of mandamus is accordingly denied.